THE STATE OF OHIO, APPELLEE, *v.* THOMPSON, APPELLANT.

(No. 13294—Decided March 23, 1988.)

*Lynn Slaby,* prosecuting attorney, and *Patricia Cosgrove,* for appellee.
*Edwin C. Pierce,* for appellant.

MAHONEY, J. Appellant, Thomas V. Thompson, appeals from his convic-

tion of two counts of having a weapon under disability in violation of R.C. 2923.13(A)(2), and one count of carrying a concealed weapon in violation of R.C. 2923.12.[1] We affirm in part and reverse and modify in part.

## Facts

On the evening of April 3, 1987, Officers James L. Stillings and Daniel Davidson of the Franklin Township Police department arrived at a residence in response to a domestic disturbance complaint. The officers each stood off to one side of the door to the residence and then knocked on the door. Thompson answered the door. Thompson's hands were in the front pockets of his pants. One of the officers told Thompson to take his hands out of his front pockets and place his hands on plain view. As Thompson was removing his hands from his pockets he reached around to his back pocket, removed a gun and dropped the gun to the floor. The officers placed Thompson under arrest and took him into custody. Upon further search of the residence, the officers discovered a sawed-off shotgun on a table approximately eight to ten feet behind the point where Thompson answered the door.

## Assignment of Error I

"The admission at trial of the appellant's in custody statements to a law enforcement officer violated his privilege against self-incrimination and his right to retain or have appointed counsel as the state failed to demonstrate that the appellant knowingly and intelligently waived these rights."

On January 27, 1987, Thompson had been taken into custody pursuant to an outstanding arrest warrant.

---

[1] Thompson was also tried and acquitted on two counts of felonious assault arising from a separate incident.

While Thompson was being booked, the booking officer asked him if he had ever been convicted of a crime. Thompson responded that he had been convicted of assault with a deadly weapon in California.

In the trial of the charges arising out of the April 3 incident, the state offered into evidence a certified copy of the California conviction, and additionally the booking officer's testimony to establish the prior conviction element necessary for the weapons under disability charge. Thompson moved to suppress the booking officer's testimony on the grounds that the admission had been obtained in violation of his *Miranda* rights. However, Thompson did not object to admission of the certified copy of his conviction on the ground that it was a poisonous fruit derived from the violation of his *Miranda* rights.

Although the state could not show that Thompson had been read his *Miranda* rights, the trial court nonetheless overruled Thompson's motion to suppress. *Miranda* warnings are required before a police officer elicits an admission from a defendant while in custody regarding prior convictions when that admission constitutes proof of an element of a crime. *State* v. *Perkins* (1985), 18 Ohio St. 3d 193, 18 OBR 259, 480 N.E. 2d 763. (See *United States* v. *Menichino* [C.A. 5, 1974], 497 F. 2d 935, 937-941, for a discussion of *Miranda* warnings at booking procedures.) However, even if Thompson had objected to the certified copy of the California conviction as being the fruit of a *Miranda* violation, the court would have been correct in overruling the objection since Thompson's conviction would have inevitably been discovered. *State* v. *Perkins, supra.*

R.C. 2945.75(B) provides that:

"Whenever in any case it is necessary to prove a prior conviction, a cer-

tified copy of the entry of judgment in such prior conviction together with evidence sufficient to identify the defendant named in the entry as the offender in the case at bar, is sufficient to prove such prior conviction."

In addition to the journal entry attesting to Thompson's California conviction, Thompson's mother and brother testified on cross-examination that they were aware that Thompson had been convicted of assault with a deadly weapon in California. We find that there was sufficient evidence adduced that Thompson had been previously convicted of assault with a deadly weapon. Thus, any error in admitting the booking officer's testimony was harmless beyond a reasonable doubt. *State* v. *Williams* (1983), 6 Ohio St. 3d 281, 6 OBR 345, 452 N.E. 2d 1323. Accordingly, Thompson's first assignment of error is overruled.

### Assignment of Error II

"The two counts of having weapons while under a disability charges were allied offenses of similar import and, therefore, the court erred in imposing separate convictions and multiple sentences for them."

In *State* v. *Sharpe* (May 28, 1980), Summit App. Nos. 9500 and 9529, unreported, we addressed this precise point of law. In *Sharpe* we held that the simultaneous possession of weapons by one under disability is but one offense. Also, we held that, assuming *arguendo* that possession of each weapon constituted a separate offense, the offenses would be allied offenses of similar import pursuant to R.C. 2941. 25(A) and as such the defendant could be convicted of but one offense.

Accordingly, Thompson's second assignment of error is sustained.

### Assignment of Error III

"Section 2941.25 of the Ohio Revised Code precludes conviction of

both carrying a concealed weapon and having a weapon under disability, in the instant case, as the evidence of the two offenses in this case correspond to such a degree that the commission of one automatically includes the commission of the other."

In *State* v. *Rice* (1982), 69 Ohio St. 2d 422, 23 O.O. 3d 374, 433 N.E. 2d 175, our Supreme Court held, at the syllabus:

"The crimes of carrying a concealed weapon, R.C. 2923.12, and having weapons while under disability, R.C. 2923.13, are not allied offenses of similar import under R.C. 2941.25(A) * * *."

Accordingly, Thompson's third assignment of error is overruled.

### Assignment of Error IV

"The appellant was deprived of his right to a fair trial by the admission of his past conviction for assault with a deadly weapon into evidence."

At trial, Thompson sought to stipulate that he had a prior conviction of violence and remove that element of weapons under disability from the jury's consideration. We have previously held that a trial court is not required to accept a defendant's stipulations as to the existence of other convictions. *State* v. *Fischer* (Sept. 18, 1985), Summit App. No. 12089, unreported.

Accordingly, Thompson's fourth assignment of error is overruled.

### Assignment of Error V

"The trial court erred in submitting to the jury the specifications charged in the indictment in conjunction with the two counts of having a weapon under a disability, after the appellant had made the appropriate request as required by statute to have them submitted to the court only."

Although the defendant requested that the trial court determine the

specifications on the weapons under disability charges, pursuant to R.C. 2941.143, the trial court submitted the specifications to the jury. However, we find no reversible error.

At the outset we note that if a defendant requests that the trial court determine specifications, it is mandatory that the trial court do so and not submit the specifications to the jury. *State* v. *Watters* (1985), 27 Ohio App. 3d 186, 27 OBR 224, 500 N.E. 2d 312. However, it is clear from the record that the trial court did make the ultimate determination on the specifications. Furthermore, the jury was aware that Thompson had committed a felony of violence since his conviction of assault with a deadly weapon was in evidence to establish the weapon under disability charge. We also note that Thompson failed to object to the verdict form. We find that Thompson has waived his right to raise this issue on appeal and further find that any such error would not constitute plain error. *State* v. *Hood* (May 20, 1987), Summit App. Nos. 12875 and 12885, unreported.

### Assignment of Error VI

"The appellant was deprived of his due process right to a fair trial when the trial judge indicated his opinion to the jury as to the credibility of a witness called by the appellant."

At trial, the trial judge, while admonishing Debbie Boyce, a defense witness, asked the witness if she had ever heard of perjury. As the witness was stepping down, the trial judge told the witness that she had better not be lying. There is a conflict as to whether the latter statement was within hearing of the jury. Following the trial judge's remarks, Thompson moved for a mistrial. The trial court overruled the motion.

The determination of whether to grant a mistrial is within the sound discretion of the trial court. *State* v. *Staley* (Jan. 21, 1987), Wayne App. No. 2189, unreported. Upon review of the record we find that the trial court did not abuse its discretion in overruling Thompson's motion for a mistrial.

We note that Boyce's testimony was relevant to determining whether Thompson had possession of the shotgun. By sustaining Thompson's second assignment of error and merging the two weapons under disability charges, the determination of whether Thompson possessed the shotgun is not necessary to sustain Thompson's remaining convictions. The evidence is overwhelming that Thompson was in possession of a handgun at the time of his arrest.

Accordingly, Thompson's sixth assignment of error is overruled.

### Assignment of Error VII

"The trial judge erred in not giving a limiting instruction on the use of certain prior recorded statements of the witness Boyce and should have directed the jury not to consider the prior statement for its truth, rather only for the purpose of assessing the witness' credibility."

We agree that the trial judge should have given the jury a limiting instruction that the recorded statements were for the purposes of impeachment only. Nonetheless, Thompson failed to request a limiting instruction at trial. Unless the error is raised in the trial court it is waived on appeal. *State* v. *Hood, supra.* Furthermore we find that any such error would not be plain error. As we stated in Thompson's sixth assignment of error, our disposition of Thompson's second assignment of error lessened the importance of Boyce's testimony.

### Summary

Thompson's first, third, fourth, fifth, sixth and seventh assignments of error are overruled; Thompson's second assignment of error is sustained.

The judgment of the trial court is modified such that Thompson stands convicted of one count of having a weapon while under disability and one count of carrying a concealed weapon.

*Judgment accordingly.*

BAIRD, P.J., and CACIOPPO, J., concur.