OPINION
 STATEMENT OF THE CASE AND FACTS
On June 27, 1997, the Stark County Grand Jury indicted Leon Williamson, defendant-appellant, on one count of rape (R.C.2907.02) and a prior conviction specification (R.C. 2941.142). Appellant pleaded not guilty at the arraignment on August 1, 1997 and a jury trial was set for September 2, 1997.
On September 2, 1997, appellant filed a Motion in Limine requesting bifurcation of the prior conviction specification alleged in the indictment. No hearing was requested or held on this motion. Trial commenced on September 4, 1997, two days after appellant's Motion in Limine was filed.
At trial on September 4th, appellant entered a stipulation to a prior conviction for purposes of an enhanced penalty under the specification.
The jury found appellant guilty as charged on one count of rape. Appellant's sentencing was set for September 5, 1997. At sentencing, the trial court denied appellant's election for sentencing pursuant to Senate Bill 2 for the rape offense which occurred prior to the effective date of Senate Bill 2.
The trial court found appellant had a prior conviction and sentenced appellant to a period of thirteen to twenty-five years incarceration. Appellant was resentenced pursuant to Senate Bill 2 on September 8, 1997 to an actual period of ten years incarceration. The State's subsequent Motion to Reconsider Sentencing was denied at an October 6, 1997 hearing.
On February 5, 1996, at approximately 2:00 A.M., appellant and his friend, Tyree Anthony, met Tanganita Clark coming home from a crack cocaine purchase. Ms. Clark testified she was friends with Tyree Anthony and the two men gave her a ride home. Ms. Clark testified she had never met appellant prior to that night.
Charles Anthony, Ms. Clark's roommate, was home when Ms. Clark and her companions arrived at 403 Shorb Avenue, N.W. Canton, Ohio.
Ms. Clark testified she and appellant smoked crack cocaine. She also disclosed in testimony that she had been a crack cocaine abuser and spent time in prison on drug offenses.
According to Ms. Clark, at some point, Tyree Anthony left and appellant remained with Charles Anthony and herself. Ms. Clark testified after some time, Charles had to get aggressive with appellant to get him to leave the residence. Ms. Clark fell asleep on the couch and Charles Anthony left for work.
Some time later in the morning, Ms. Clark testified she awoke to realize appellant was back in the apartment tugging at her shorts. She testified he started getting aggressive and cussing at her. According to Ms. Clark, appellant told her to shut up and threatened to kill her. Ms. Clark testified she was punched in the face several times, resulting in black eyes and a bloody nose, and also choked and threatened with a knife by appellant. At some point, she struggled for the knife and the blade broke away from the handle. Ms. Clark testified she finally gave in when the blade was pushed between her legs and appellant threatened to shove it in her. Ms. Clark was forced to perform oral sex upon appellant and submitted to vaginal intercourse while wearing a tampon. Following the attack, Ms. Clark testified appellant grabbed the knife blade and the sheet from the bed. Ms. Clark called the police and underwent a medical examination, including a rape kit, at Aultman Hospital.
Michele Mitchell of the Canton-Stark County Crime Laboratory gave expert testimony as to tests performed on the rape kit and on the victim's clothing. Ms. Mitchell testified sperm was detected on vaginal swabs and slides as well as on the victim's tampon and shorts.
Ms. Mitchell further testified blood stains on the tampon and clothing did not exclude appellant as a suspect. The knife handle, medical records, sexual assault kit with test results, and photos of Ms. Clark's facial injuries were presented to the jury for consideration.
Jeff Jones of the State Parole Authority testified, without revealing he was a parole officer of the Ohio Parole Authority, he had regular contact with appellant in February, 1996. Mr. Jones further testified, on February 5, 1996, he received a phone call from appellant in which appellant stated he had had sex with a woman that day and she was very upset with him.
Tyree Anthony, as a lifetime acquaintance of both appellant and the victim, testified he and appellant gave Ms. Clark a ride home on February 5, 1996, and they went inside the residence with her. Ms. Clark lived with Tyree's brother, Charles. Tyree Anthony spoke with his brother for awhile and left the residence after about twenty to thirty minutes. He saw appellant again that morning between 7:30 and 8:30 A.M. at the Canton YMCA. Mr. Anthony testified he observed appellant enter the building through the Third Street entrance and immediately exit the building through the Second Street exit.
Mr. Anthony testified he made eye contact with appellant and observed that his boots were untied, his hair was uncombed and he was carrying something in his arm. Mr. Anthony described the encounter as unusual because his friend did not stop and talk. Mr. Anthony testified he had not seen or spoken to appellant since that encounter.
Appellant offered no testimony or exhibits at trial. It is from his conviction and sentence appellant prosecutes this appeal raising the following assignment of error:
 THE APPELLANT WAS DENIED DUE PROCESS OF LAW, A FAIR TRIAL BY AN IMPARTIAL JURY, AND THE EFFECTIVE ASSISTANCE OF COUNSEL GUARANTEED HIM BY THE FIFTH, SIXTH, AND FOURTEENTH AMENDMENTS, WHEN THE TRIAL COURT INFORMED THE JURY POOL OF APPELLANT'S PRIOR RECORD.
In his sole assignment of error, appellant alleges the trial court erred by informing the jury pool during voir dire that appellant was alleged to have a prior conviction and in allowing appellant's parole officer to testify. Appellant asserts these errors denied him, in essence, a fair trial as the jury was irreversibly prejudiced against him.
Appellant was charged with one count of rape with a prior conviction specification. Two days prior to trial, on the original trial date of September 2, 1997, appellant filed a Motion in Limine. Appellant moved the trial court, pursuant to R.C.2941.142, to bifurcate the prior conviction specification and the rape charge. As such, appellant requested an order by the trial court precluding the State from presenting evidence of his prior convictions at trial, including the testimony of appellant's parole officer, Jeff Jones. No hearing was requested or held on this motion.
At the commencement of trial on September 4, 1997, the trial court informed the prospective jurors of the allegations against appellant contained in the indictment as follows:
 In this case the State of Ohio through the Stark County Grand Jury has issued an indictment charging the Defendant with rape. The allegations in the indictment allege that the Defendant on or about February 5, 1997 or 1996 in Stark County, Ohio, did engage in sexual conduct with Tanganita Clark and the Defendant purposely compelled Tanganita Clark to submit by force or threat of force.
 There is also an allegation in the case that the Defendant had previously suffered a conviction.
(T.16).
Defense counsel requested a side bar and informed the court of the filed Motion in Limine. The trial court advised counsel it was not aware of the motion. (T.16).
A trial court is required to comply with a defendant's request for bifurcation on a sentencing enhancement specification.See, State v. Thompson (1988), 46 Ohio App.3d 157. Although counsel had filed the motion to bifurcate prior to trial, an objection is required at trial to preserve the error or non-compliance for appeal. See, State v. Brown (1988), 38 Ohio St.3d 305, paragraph three of syllabus (" A denial of a motion in limine does not preserve error for review. A proper objection must be raised at trial to preserve error.) See, State v. Maurer
(1984), 15 Ohio St.3d 239, 259. No formal objection was made by defense counsel to the trial court's statement. As such, the error alleged by appellant must be reviewed under the plain error standard set forth by Crim. R. 52 (B).
Crim. R. 52 (B) allows a reviewing court to consider errors committed at trial, upon which appellant did not object, only if such errors affected the substantial rights of appellant. A reviewing court should use the utmost caution in taking notice of plain error and should do so only if it is clear that, but for the error, the result in the trial court would have been different.State v. Long (1978), 53 Ohio St.2d 91, paragraph two of syllabus. Notice of plain error should be taken only in exceptional circumstances and only to prevent a manifest miscarriage of justice Id., paragraph three of syllabus.
In the present case, the jury was presented with the testimony of the victim, Tanganita Clark, as to the rape committed by appellant. This testimony was corroborated by physical evidence as tested by Michele Mitchell of the Canton-Stark County Crime Laboratory as well as photos of the victim's injuries and the knife handle left behind by appellant. The victim was also corroborated through the testimony of appellant's friend, Tyree Anthony, regarding appellant's presence and suspicious behavior before and after the rape. The rape offense was further shown by appellant's statement on the morning of the rape to Jeff Jones that he had had sex with a woman that day and she was very upset with him.
Appellant's theory of consensual intercourse was argued by defense counsel, but was not supported by the evidence. The jury was presented with sufficient evidence to find appellant guilty of rape and nothing in the record, in light of this evidence, indicates the trial court's comment in any way influenced the jury's determination.
Furthermore, the trial court instructed the jury on the consideration of evidence prior to deliberations. During voirdire, and prior to the prior conviction comment, the trial court explained how evidence would be presented as follows, in part:
 So in this case you can generally consider that you're going to get evidence only from testimony and exhibits. Okay? Which means what? It means my statements to you, are those-is that evidence? No, because I'm not under oath, no one is going to cross-examine me. I'm not an exhibit. Some people may say I am a piece of work, but I'm not an exhibit.
 The attorneys' statements, likewise they fall in the category. They are not subject to cross-examination. They are not an exhibit. So I give you this information as we start because the parties are going to ask you some questions and I'm going to ask you some questions to get some background on the case so we know if you can be fair. But it's important for you to appreciate that you only will be getting evidence when the first witness takes the stand and that's the only way you get evidence. Okay?
(T.13-14).
The trial court again explained the jurors obligations in the final instructions prior to deliberations as follows, in pertinent parts:
 The Defendant must be acquitted unless the State produces evidence which convinces you beyond a reasonable doubt of every essential element of the offense charged in the indictment.
(T.182).
 Now, evidence is all the testimony received from the witnesses and the exhibits admitted during the trial.
(T.183).
 The evidence does not include the indictment, the opening statements or the closing arguments of counsel.
(T.185).
The trial court's instructions to the jury throughout the course of the proceedings clearly explained what the jurors should and should not consider in their determination of guilt or acquittal. A jury is presumed to follow the instructions given it by the judge. State v. Henderson (1988), 39 Ohio St.3d 24, 33, cert. denied (1989), 489 U.S. 1072, citing Parker v. Randolph
(1979), 442 U.S. 62, 99 S.Ct. 2132, 60 L.Ed.2d 713.
Appellant further alleges the trial court erred by permitting his parole officer to testify at trial over his objection. We find the record devoid of any such objection. During the course of the trial, and prior to Mr. Jones' testimony, appellant stipulated to a prior conviction. (T. 145-147).
The trial court then instructed the State not to question Mr. Jones regarding his employment by the parole authority. Mr. Jones testified as to appellant's incriminating statement about the rape, but in no way alluded to his status as appellant's parole officer or appellant's criminal past. The jury was never made aware of Mr. Jones' employment of appellant's previous prison term.
Given the stipulation to the prior conviction and the safeguards required by the trial court for Mr. Jones' testimony, we conclude appellant's Motion in Limine was honored by the court. The jury heard no more mention of alleged prior convictions throughout the course of the trial and, at no time, received any evidence of a prior conviction. The trial court determined the prior conviction specification separate from the jury, as requested in appellant's motion, by accepting the stipulation at trial.
Furthermore, under the plain error standard of review, we find appellant has failed to demonstrate that a manifest miscarriage of justice resulted at trial because of Mr. Jones' testimony or that the jury considered anything other than the evidence properly admitted at trial.
We find the errors alleged by appellant to have occurred at trial do not separately, or in combination, rise to the level of plain error or deprive appellant of a fair trial.
Appellant's sole assignment of error is overruled.
For the foregoing reasons the judgment of the Court of Common Pleas, Stark County, Ohio, is hereby affirmed.
By: Hoffman, Sr., J., Farmer, P.J. and Wise, concur.
 JUDGMENT ENTRY
CASE NO. 1997CA00338
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Stark County, Ohio, is affirmed. Costs assessed to appellant.