The STATE of Ohio, Appellee,

v.

BURROW, Appellant.

[Cite as *State v. Burrow* (2000), 140 Ohio App.3d 466.]

Court of Appeals of Ohio,
First District, Hamilton County.

No. C–000043.

Decided Nov. 9, 2000.

468

*Michael K. Allen,* Hamilton County Prosecuting Attorney, and *Philip R. Cummings,* Assistant Prosecuting Attorney, for appellee.

*Roger W. Kirk,* for appellant.

WINKLER, Judge.

Defendant-appellant Anthony Burrow was indicted for carrying a concealed weapon and having a weapon under disability. Following a jury trial, Burrow was convicted of carrying a concealed weapon but acquitted of the weapon-under-disability charge. Burrow appeals, assigning the following as error: (1) the admission of evidence of his outstanding warrant; (2) his fourteen-month sentence where the verdict form failed to specify a felony-enhancement element; (3) the state's closing argument; (4) ineffective assistance of counsel; and (5) the reading to the jury of a portion of a police officer's testimony.

■ We reject Burrow's claim that he was prejudiced by the admission of evidence of his outstanding warrant. The disability alleged in the weapon-under-disability charge was that Burrow was a fugitive from justice, based on the fact that he had an outstanding warrant. Evidence of the outstanding warrant was relevant to the jury's determination of whether Burrow was under a disability, *i.e.,* a fugitive, at the time of the charged offense.

■ The admission or exclusion of relevant evidence lies within the sound discretion of the trial court. Evid.R. 402; *State v. Sage* (1987), 31 Ohio St.3d 173, 31 OBR 375, 510 N.E.2d 343. There was no abuse of discretion in the trial court's admission of the warrant evidence, because the state was required to prove that Burrow was under a disability. Furthermore, Burrow can demonstrate no prejudice, because the jury acquitted him of the weapon-under-disability charge. We overrule Burrow's first assignment of error.

■ In his second assignment of error, Burrow claims that the trial court erred in sentencing him to fourteen months' incarceration for the felony version of carrying a concealed weapon, because the verdict form failed to specify the felony-enhancement element, and he could, therefore, only have been convicted of a misdemeanor. We agree.

R.C. 2945.75(A)(2) provides:

"(A) When the presence of one or more additional elements makes an offense one of more serious degree:

"* * *

"(2) A guilty verdict shall state either the degree of the offense of which the offender is found guilty, or that such additional element or elements are present. Otherwise, a guilty verdict constitutes a finding of guilty of the least degree of the offense charged."

R.C. 2923.12 provides:

"(A) No person shall knowingly carry or have, concealed on his or her person or concealed ready at hand, any deadly weapon or dangerous ordnance.

"* * *

"(D) Whoever violates this section is guilty of carrying concealed weapons, a misdemeanor of the first degree. * * * [I]f the weapon involved is a firearm that is either loaded or for which the offender has ammunition ready at hand, * * * carrying concealed weapons is a felony of the fourth degree."

The verdict form returned by the jury in this case provided the following: "We the jury, in the issue joined, find the defendant, Anthony Burrow, GUILTY of Carrying a Concealed Weapon, Ohio Revised Code Section 2923.12(A)." The verdict form did not meet the enhancement requirements of R.C. 2945.75, as it did not contain the degree of the offense or include the felony-enhancement language.

■ Burrow made no objection to the verdict form at trial. Burrow has thus waived any error unless, but for the error, the outcome of the trial clearly would have been otherwise. *State v. Underwood* (1983), 3 Ohio St.3d 12, 3 OBR 360,

444 N.E.2d 1332, syllabus. Notice of plain error is to be taken with the utmost caution, under exceptional circumstances, and only to prevent a manifest miscarriage of justice. *State v. Long* (1978), 53 Ohio St.2d 91, 7 O.O.3d 178, 372 N.E.2d 804, paragraph three of syllabus.

Ohio courts have ruled that, under certain circumstances, verdict forms like the one in this case may still be deemed to have substantially complied with the enhancement statute. In *State v. Woods* (1982), 8 Ohio App.3d 56, 8 OBR 87, 455 N.E.2d 1289, the court found that the failure to strictly comply with R.C. 2945.75 did not constitute reversible error where the verdict form incorporated the language of the indictments, the evidence overwhelmingly showed the presence of aggravating circumstances, and the defendant failed to object at trial to the form of the verdict. Other courts have found substantial compliance with R.C. 2945.75 where the indictment was read to the jury or the language of the offense was included in the charge to the jury. See *State v. Hawkins* (1997), 120 Ohio App.3d 277, 697 N.E.2d 1045; *State v. Davis* (Jan. 27, 1992), Ross App. No. 1746, unreported, 1992 WL 21228. "[T]he findings of statutory compliance hinge on the fact that the jury was read the indictment or was otherwise instructed on the proper elements of the offense by the trial court." *State v. Harris* (June 22, 2000), Franklin App. No. 99AP–1087, unreported, 2000 WL 796585.

In this case, the felony-enhancement language of the indictment properly supplied the enhancement element: "a firearm loaded or with ammunition ready at hand." See R.C. 2923.12(D). But the verdict form did not contain the degree of the offense or the felony-enhancement language. Nor did the verdict form incorporate the language of the indictment. While the trial court read the indictment to the jury, it did not further instruct the jury on the felony-enhancement element. Thus, the court gave the jury a meaningful opportunity to find Burrow guilty only of the misdemeanor offense of carrying a concealed weapon. See *State v. Breaston* (1993), 83 Ohio App.3d 410, 414, 614 N.E.2d 1156, 1159; *State v. Mitchell* (Dec. 5, 1996), Cuyahoga App. Nos. 67490 and 67491, unreported, 1996 WL 695665; *State v. Owens* (Nov. 7, 1996), Stark App. No. 96–00182, unreported, 1996 WL 752862; *State v. Gleason* (1996), 110 Ohio App.3d 240, 673 N.E.2d 985. We are persuaded that, but for the failure to act on the omission in the verdict form, the outcome of the trial would have been different with respect to the degree of the offense for which Burrow was convicted. Therefore, Burrow's second assignment of error is sustained.

In his third assignment of error, Burrow contends that the trial court erred by allowing the prosecution to make improper remarks during its closing argument. We first note that Burrow did not object to the prosecution's comments at trial. Consequently, he has waived any error but plain error. *State v. Mason* (1998), 82 Ohio St.3d 144, 162, 694 N.E.2d 932, 951; *State v. Sizemore*

(May 28, 1999), Hamilton App. No. C–980392, unreported, 1999 WL 335051; *State v. Hirsch* (1998), 129 Ohio App.3d 294, 717 N.E.2d 789. We have reviewed the record and the arguments about which Burrow complains, and we hold that those arguments were fair comments on the evidence. We cannot conclude that the prosecution's comments were unfairly prejudicial or that they denied Burrow a fair trial, much less that they rose to the level of plain error. *Mason,* 82 Ohio St.3d at 161–163, 694 N.E.2d at 951–952; *State v. Lott* (1990), 51 Ohio St.3d 160, 165–166, 555 N.E.2d 293, 300–301; *State v. Carpenter* (1997), 122 Ohio App.3d 16, 29, 701 N.E.2d 10, 19; *Sizemore, supra.* The third assignment of error is not well taken.

█ In his fourth assignment of error, Burrow claims that he was denied the effective assistance of trial counsel because counsel (1) failed to object to the verdict form, (2) failed to object to the prosecutor's comments in closing argument, and (3) failed to renew a Crim.R. 29 motion for a judgment of acquittal at the end of the defense's case. To sustain his claim of ineffective assistance of counsel, Burrow must demonstrate that his counsel's performance was deficient and that the deficient performance prejudiced his defense. See *Strickland v. Washington* (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674. To establish that his counsel's performance was deficient, Burrow must demonstrate that his counsel's representation fell below an objective standard of reasonableness. *Id.* On the other hand, a showing of prejudice does not depend solely on whether the outcome of the trial would have been different but for counsel's errors. See *Lockhart v. Fretwell* (1993), 506 U.S. 364, 113 S.Ct. 838, 122 L.Ed.2d 180. Rather, the appropriate inquiry is whether "counsel's * * * performance render[ed] the result of the trial unreliable or the proceeding fundamentally unfair." *Id.* at 372, 113 S.Ct. at 844, 122 L.Ed.2d 191.

First, our review of the record convinces us that, at the close of all the evidence, reasonable minds could have reached different conclusions as to whether each material element of the crime of carrying a concealed weapon had been proven beyond a reasonable doubt. See *State v. Thompkins* (1997), 78 Ohio St.3d 380, 678 N.E.2d 541; *State v. Bridgeman* (1978), 55 Ohio St.2d 261, 9 O.O.3d 401, 381 N.E.2d 184. The state presented evidence from which the jury reasonably could have inferred that Burrow knowingly had concealed ready at hand a firearm for which he had ammunition ready at hand. Given that there was sufficient evidence to support Burrow's conviction, he cannot now demonstrate that his trial counsel's failure to renew the Crim.R. 29 motion resulted in any prejudice to him. And, viewing the totality of the record, we cannot say that the other alleged errors rendered the trial's result unreliable or the proceeding fundamentally unfair. We overrule Burrow's fourth assignment of error.

In his final assignment of error, Burrow claims that he was prejudiced by the trial court's order to have the court reporter read back part of the testimony of an arresting officer. During deliberations, upon request of the jury, a court in the exercise of sound discretion may cause to be read all or part of the testimony of any witness. *State v. Berry* (1971), 25 Ohio St.2d 255, 54 O.O.2d 374, 267 N.E.2d 775, paragraph four of syllabus. Our reading of the record reveals no abuse of discretion in allowing the testimony to be read to the jury. Accordingly, Burrow's fifth assignment of error is overruled.

Therefore, the judgment of the trial court is affirmed as to the finding of guilt for the offense of carrying a concealed weapon as a misdemeanor of the first degree, but the sentence is vacated, and this cause is remanded to the trial court to impose a sentence appropriate for a first-degree misdemeanor in accordance with R.C. 2923.12 and 2945.75(A)(2), and to clarify in its judgment that the conviction is for a first-degree misdemeanor.

*Judgment affirmed in part,*
*reversed in part*
*and cause remanded.*

DOAN, P.J., concurs.

GORMAN, J., dissents in part.

GORMAN, Judge, dissenting in part.

I respectfully dissent from the majority's opinion sustaining the second assignment of error on grounds that omission from the verdict form of either "the degree of the offense" or the "additional element or elements" mandated under R.C. 2945.75(A)(2) to enhance the sentence is plain error requiring a sentence of the least degree for carrying a concealed firearm.

The majority acknowledges that counsel's failure to object to the verdict form calls into question the issue of waiver. Under the waiver doctrine, a reviewing court will not consider errors that counsel did not timely call to the attention of the trial court so that they could have been avoided or corrected at trial. See *State v. Peagler* (1996), 76 Ohio St.3d 496, 499, 668 N.E.2d 489, 493. Failure to object waives the issue on appeal unless the error is determined to be plain error pursuant to Crim.R. 52(B). See *State v. Underwood, supra,* at 13, 3 OBR at 360–361, 444 N.E.2d at 1333. As the majority correctly observes, plain error is to be invoked "only to prevent a *manifest miscarriage of justice.*" (Emphasis added.) *State v. Long, supra,* paragraph three of the syllabus.

Burrow did not object to the verdict form—understandably so. His defense was that he had no knowledge of the book bag containing the sawed-off shotgun and shells seized by police from under the driver's seat of the automobile he was driving. He claimed that the book bag belonged to a passenger, Favors, who, he

assumed, had put it under the driver's seat while Burrow was detained in the police cruiser for outstanding warrants. He did not object to the state's evidence that police successfully test-fired the sawed-off shotgun with one of the shells from the book bag. In its instructions to the jury, the trial court recited verbatim the language of the indictment, which stated that Burrow had "knowingly carried or had concealed on his person or concealed ready at hand a firearm loaded or with ammunition ready at hand in violation of Section 2923.12(A) of the Ohio Revised Code." As a part of its instructions, the trial court also read each verdict form to the jury before sending the verdict forms and a written copy of its instructions to the jury. When the trial court gave the prosecutor and defense counsel the opportunity to object to the instructions, neither objected. At Burrow's sentencing hearing more than three weeks after the jury had returned its guilty verdict, there was still no objection to the verdict form by Burrow or his counsel.

Based upon Burrow's defense, whether ammunition for the sawed-off shotgun was ready at hand never became a contested issue during the trial. Therefore, the verdict form's silence as to the felony-enhancement provision under R.C. 2945.75(A)(2) did not result in a manifest miscarriage of justice. The reality of Burrow's trial was that the trial court, the prosecutor, and defense counsel all conducted themselves as if the language of the indictment subjected Burrow to conviction for a fourth-degree felony.

Any irregularity in the verdict form in this case did not affect Burrow's substantial rights and represented nothing more than harmless error under Crim.R. 52(B). The Ninth District Court of Appeals has also similarly held that failure to object to errors in the verdict form is a waiver of error on appeal and does not constitute plain error. *State v. Thompson* (1988), 46 Ohio App.3d 157, 160, 546 N.E.2d 441, 443.

I would affirm the judgment of conviction in all respects.