DECISION AND JUDGMENT ENTRY
Ernest Wireman appeals his conviction for carrying a concealed weapon (CCW) and assigns the following errors:
FIRST ASSIGNMENT OF ERROR
 THE PIKE COUNTY COURT OF COMMON PLEAS ERRED IN DENYING DEFENDANT-APPELLANT'S MOTIONS FOR ACQUITTAL MADE PURSUANT TO CRIM.R. 29(A) (C) BECAUSE THE STATE FAILED TO MEET ITS BURDEN OF PROOF (BEYOND A REASONABLE DOUBT) REGARDING THE REQUIRED ELEMENT OF KNOWINGLY.
 SECOND ASSIGNMENT OF ERROR
 THE PIKE COUNTY COURT OF COMMON PLEAS ERRED IN DENYING DEFENDANT-APPELLANT'S REQUEST FOR A REDUCTION IN THE DEGREE OF OFFENSE BECAUSE THE GUILTY VERDICT HEREIN DID NOT MEET THE ENHANCEMENT REQUIREMENTS OF OHIO REVISED CODE 2945.75(A)(2).
In July 1999, sheriff's deputies arrested Wireman for CCW after receiving a report that people in a car were waving guns. Prior to arresting him, the deputies found a loaded .22 caliber handgun under the driver's side seat near the door. The deputies also found two unfired .22 caliber rounds in Wireman's pants pocket. The grand jury indicted Wireman for Carrying Concealed Weapons, a fourth degree felony. The indictment stated that Wireman "[d]id unlawfully and knowingly carry or have, concealed on his person, or concealed ready at hand, a deadly weapon or dangerous ordnance, the weapon involved being a firearm which was loaded or for which the ammunition was ready at hand, in violation of Section2923.12(A) of the Ohio Revised Code. * * * Felony 4[.]"
At trial, the State only called two witnesses, Sergeant King and Deputy Van Hoy. After making the investigative stop, King took Wireman to the rear of the vehicle, while Van Hoy stayed with the car so that he could watch the other passengers. With the driver's side door open, Van Hoy noticed the gun sticking out from under the front of the driver's side seat and notified King. Sergeant King looked at the gun and found that it was loaded. King then searched Wireman's pants and found two unfired .22 caliber rounds, which matched the type in the gun. The State rested their case after the deputies testified.
Wireman then made a Crim.R. 29(A) motion for judgment of acquittal. Wireman argued that the State failed to prove beyond a reasonable doubt that he knowingly carried a concealed weapon. The trial court denied the motion. Wireman then decided not to put on a defense. After closing arguments, the court instructed the jury that before they could find Wireman guilty they had to find that he "knowingly had a loaded firearm concealed [and] ready at hand." The court then defined knowingly and all of the other elements for the jury. The court did not instruct the jury regarding the misdemeanor form of CCW.
The jury found Wireman guilty with a verdict form that read simply, "We, the jury, find the Defendant guilty of Carrying Concealed Weapons in the manner and form in which he stands charged." Wireman then made a Crim.R. 29(C) motion for judgment of acquittal. Wireman again argued that the State failed to prove beyond a reasonable doubt that he acted knowingly. Once again, the court denied the motion, and found Wireman guilty of Carrying Concealed Weapons, a fourth degree felony.
In his first assignment of error, Wireman argues that the court should have granted either his Crim.R. 29(A)[1] or Crim.R. 9(C)[2] motion for judgment of acquittal because the State failed to prove beyond a reasonable doubt that he acted knowingly.
Crim.R. 29 motions for acquittal test the sufficiency of the evidence presented at trial. State v. Williams (1996), 74 Ohio St.3d 569, 576,660 N.E.2d 724, State v. Miley (1996), 114 Ohio App.3d 738, 742,684 N.E.2d 102. Crim.R. 29 requires a court to enter a judgment of acquittal when the State's evidence is insufficient to sustain a conviction. But the court may not grant a defendant's Crim.R. 29 motion "if the evidence is such that reasonable minds can reach different conclusions as to whether each material element of a crime has been proved beyond a reasonable doubt." State v. Bridgeman (1978),55 Ohio St.2d 261, 381 N.E.2d 184, syllabus. In making this determination, the court must construe the evidence in the light most favorable to the prosecution. Williams, 74 Ohio St.3d at 576. We undertake a de novo review of the trial court's decision on a Crim.R. 29 motion and will not reverse the trial court's judgment unless reasonable minds could only reach the conclusion that the evidence failed to prove all the elements of the crime beyond a reasonable doubt. State v.Jenks(1991), 61 Ohio St.3d 259, 574 N.E.2d 492, paragraph two of the syllabus. See, also, Miley, 114 Ohio App.3d at 742. If any rational trier of fact could have found the essential elements of an offense proven beyond a reasonable doubt, we will not disturb the conviction. Williams,74 Ohio St.3d at 576; Jenks, 61 Ohio St.3d at 273.
Wireman was convicted of CCW under R.C. 2923.12(A), which states "[n]o person shall knowingly carry or have, concealed on his or her person or concealed ready at hand, any deadly weapon or dangerous ordnance." CCW is enhanced from a first degree misdemeanor to a fourth degree felony "if the weapon involved is a firearm that is either loaded or for which the offender has ammunition ready at hand, or if the weapon involved is dangerous ordnance." R.C. 2923.12(D). Here, the charge was for a fourth degree felony because the weapon was a loaded firearm.
Wireman argues that the evidence offered to show that he acted knowingly was insufficient as a matter of law to support a guilty verdict. He appears to argue that because the State introduced no direct evidence of his mental state, he must be acquitted. However, he overlooks the fact that a reasonable juror could infer his mental state from the surrounding circumstances. The State most commonly proves criminal intent or mental elements through circumstantial evidence. State v. Collins
(2000), 89 Ohio St.3d 524, 530, 733 N.E.2d 1118. Moreover, circumstantial evidence and direct evidence possess the same probative value. Jenks,61 Ohio St.3d 259, paragraph one of the syllabus; State v. Logan (1979),60 Ohio St.2d 126, 131, 397 N.E.2d 1345.
The State admitted evidence from two sheriff deputies who received complaints that the occupants of a car driving through a neighborhood were waving guns out the window. While the deputies were in the process of taking this report, the complainants actually pointed out the suspected vehicle as it drove by. The deputies pulled the car over and found Wireman driving. The deputies testified that they found a loaded, operable handgun near the door, under the driver's side seat. The deputies also found two rounds of ammunition for the gun in Wireman's pants pocket. Not only did these rounds fit the gun, they were the same type of copper hollow point shell that was in the gun. Thus, the State presented more evidence than just Wireman's proximity to the firearm.
Construed in a light most favorable to the State, this is sufficient circumstantial evidence for a rational juror to find that Wireman had knowledge of the loaded gun under the driver's seat. In spite of the fact that deputies testified that Wireman claimed to have borrowed the car and did not know the gun was there, a reasonable jury could have concluded that Wireman acted knowingly. Wireman's first assignment of error is overruled.
In his second assignment of error, Wireman argues that even if the evidence was sufficient to prove his guilt, he could only be convicted of a first degree misdemeanor because of a faulty verdict form. Wireman contends that before his conviction could be enhanced to a felony, the verdict form had to state that he was charged with a fourth degree felony, the weapon was a loaded firearm, or the weapon was a firearm that had ammunition ready at hand.
R.C. 2945.75(A)(2) states "[a] guilty verdict shall state either the degree of the offense of which the offender is found guilty, or that such additional element or elements are present. Otherwise, a guilty verdict constitutes a finding of guilty of the least degree of the offense charged." Whether the verdict form complies with this statute presents us with a question of law, which we review de novo.
A verdict form does not need to strictly comply with R.C. 2945.75(A)(2).State v. Woods (1982), 8 Ohio App.3d 56, 63, 455 N.E.2d 1289. Substantial compliance will suffice. Id. See, also, State v. Burrow (2000),140 Ohio App.3d 466, 470, 748 N.E.2d 95. The State substantially complies with the statute when a verdict form refers to or incorporates the indictment, the language of offense or the indictment is included in the instruction, the evidence overwhelmingly shows the presence of the aggravated factors and the defendant does not raise the adequacy of the form at trial. Burrow, 140 Ohio App.3d 470.
Here, the guilty verdict form did not mention the degree of the offense or allow the jury to find any of the additional elements needed to enhance the offense to a fourth degree felony. The verdict form stated simply "[w]e, the jury, find the Defendant guilty of Carrying Concealed Weapons in the manner and form in which he stands charged." But the indictment clearly provided that Wireman was charged with a fourth degree felony as it specifically listed the aggravated factors found in R.C.2923.12(D) and stated "Felony 4." The court also repeated the language from the indictment to the jury during the jury instructions when it stated "[t]he defendant is charged with carrying a concealed weapon. Before you can find the defendant guilty, you must find beyond a reasonable doubt that on or about the 26th day of July, 1999, and in the county of Pike and in the state of Ohio the defendant knowingly had a loaded firearm concealed ready at hand." In its instructions to the jury, the court stated the felony form of CCW, i.e. that the weapon was a loaded firearm.
The majority of the cases interpreting R.C. 2945.75(A)(2) have verdict forms that specifically refer to the indictment by including language such as "we the jury find the defendant guilty as charged in theindictment." See State v. Breaston (1993), 83 Ohio App.3d 410, 412,614 N.E.2d 1156. Here, the verdict form simply states "[w]e the jury, find the defendant guilty of Carrying Concealed Weapons in the manner and form in which he stands charged." We do not believe that omitting the language "in the indictment" has prejudiced Wireman, especially when considering the totality of the circumstances and the presence of the factors identified in Burrow. Therefore, we do not adopt the reasoning ofState v. Walker (Mar. 8, 2001), Seneca App. No. 13-2000-26, unreported. In Walker, the Third District stated that since the verdict forms did not reference the indictment, the defendant could only be sentenced to the least degree of the offense. Here "in the manner and form in which he stands charged" sufficiently refers to the indictment. Much of the evidence that the State introduced addressed whether the firearm was loaded or whether ammunition was ready at hand. The court specifically instructed the jury that Wireman could not be found guilty unless the jury found "beyond a reasonable doubt that * * * the defendant knowingly had a loaded firearm concealed ready at hand." Wireman's second assignment of error is overruled.
The trial court properly denied both of the Crim.R. 29 motions for judgment of acquittal because a reasonable jury could conclude that Wireman acted knowingly. While, the trial court's verdict form did not strictly comply with R.C. 2945.72(A)(2), it met the test of substantial compliance. Therefore, the trial court's judgment of a felony conviction was proper. Both of Wireman's assignments of error are overruled.
JUDGMENT AFFIRMED.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and that the Appellee recover of Appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Pike County Common Pleas Court to carry this judgment into execution.
IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted. The purpose of a continued stay is to allow Appellant to file with the Ohio Supreme Court an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Ohio Supreme Court in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Ohio Supreme Court. Additionally, if the Ohio Supreme Court dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Abele, P.J. Kline, J.: Concur in Judgment and Opinion.
[1] Crim.R. 29(A) states:
The court on motion of a defendant or on its own motion, after the evidence on either side is closed, shall order the entry of a judgment of acquittal of one or more offenses charged in the indictment, information, or complaint, if the evidence is insufficient to sustain a conviction of such offense or offenses. The court may not reserve ruling on a motion for judgment of acquittal made at the close of the state's case.
[2] Crim.R. 29(C) states:
If a jury returns a verdict of guilty or is discharged without having returned a verdict, a motion for judgment of acquittal may be made or renewed within fourteen days after the jury is discharged or within such further time as the court may fix during the fourteen day period. If a verdict of guilty is returned, the court may on such motion set aside the verdict and enter judgment of acquittal. It shall not be a prerequisite to the making of such motion that a similar motion has been made prior to the submission of the case to the jury.