DECISION AND JUDGMENT ENTRY
This is an appeal from a Ross County Common Pleas Court judgment of conviction and sentence. The jury found Curtis Maple, defendant below and appellant herein, guilty of two counts of rape, in violation of R.C.2907.02.
Appellant raises the following assignments of error for review:
FIRST ASSIGNMENT OF ERROR:
 "THE COURT ERRED IN ALLOWING THE JURY TO REVIEW THE RECORDING OF A STATE'S WITNESS DURING ITS DELIBERATIONS, OUTSIDE THE PRESENCE OF COURT, COUNSEL AND DEFENDANT."
SECOND ASSIGNMENT OF ERROR:
 "THE COURT ERRED IN FINDING APPELLANT A SEXUAL PREDATOR PURSUANT TO O.R.C. CH. 2950."
On June 23, 2000, the Ross County Grand Jury returned an indictment charging appellant with two counts of rape and one count of attempted rape. On February 15 and 16, 2001, the trial court held a jury trial. The twelve-year-old victim, Kahla Menear, testified that appellant had sex with her.
During jury deliberations, the jury requested to re-hear the victim's testimony. Over appellant's objection, the court permitted the jury to listen to the tape of the victim's testimony. The court instructed the court reporter to play the tape recording of the victim's testimony and cautioned the jury that it could not ask any questions of the court reporter. The only persons present in the room during the replay of the victim's testimony were the court reporter and the jury.
The jury found appellant guilty of the two rape counts. The trial court dismissed count three of the indictment.
On April 3, 2001, the trial court conducted a sexual offender classification hearing. At the hearing, the court informed counsel that it would take judicial notice of the evidence presented at the trial and the presentence investigation, which included appellant's psychological evaluation. Appellant did not object. Neither the state nor appellant presented any evidence at the hearing.
On April 5, 2001, the trial court adjudicated appellant a sexual predator. The court noted that it considered the evidence presented at trial and the presentence investigation, and that neither party presented evidence at the hearing. In reaching its decision, the court noted that appellant's conduct was part of a demonstrated pattern of abuse with the victim, that appellant lacked remorse, and that appellant denied culpability.
Appellant filed a timely notice of appeal.
 I
In his first assignment of error, appellant asserts that the trial court erred by permitting the jury, during its deliberations, to listen to the audiotape of the victim's trial testimony. The state contends that the trial court acted within its discretion by allowing the jury to listen to the victim's taped testimony.
A trial court possesses broad discretion in deciding whether to permit a jury, during its deliberations, to re-hear part or all of a witness's testimony. See State v. Carter (1995), 72 Ohio St.3d 545, 560,651 N.E.2d 965, 978; State v. Berry (1971), 25 Ohio St.2d 255,267 N.E.2d 775, paragraph four of the syllabus; State v. Burrow (2000),140 Ohio App.3d 466, 472, 748 N.E.2d 95, 99. Accordingly, absent an abuse of discretion, a reviewing court may not reverse a trial court's decision. A trial court abuses its discretion when its decision is unreasonable, arbitrary, or unconscionable. See, e.g., Strongsville Bd.of Educ. v. Zaino (2001), 92 Ohio St.3d 488, 490, 751 N.E.2d 996, 999. In determining whether a trial court abused its discretion, an appellate court may not substitute its judgment for that of the trial court. See,e.g., State ex rel. Duncan v. Chippewa Twp. Trustees (1995),73 Ohio St.3d 728, 732, 654 N.E.2d 1254, 1258. In Berry, paragraph four of the syllabus, the court held:
 "After jurors retire to deliberate, upon request from the jury, a court in the exercise of sound discretion may cause to be read all or part of the testimony of any witness, in the presence of or after reasonable notice to the parties or their counsel."
After our review of the record in the case at bar, we do not believe that the trial court abused its discretion by permitting the jury to listen to the taped recording of the victim's testimony. See State v.Loza (1994), 71 Ohio St.3d 61, 79-80, 641 N.E.2d 1082, 1103 (finding no abuse of discretion with the trial court's decision to allow the videotape of the defendant's confession to be replayed during the jury's deliberations); State v. Samilton (Apr. 16, 1992), Cuyahoga App. No. 60265, unreported, and State v. Culver (Sept. 21, 1989), Cuyahoga App. No. 55895, unreported ("No error necessarily inheres in permitting a jury, in a criminal case, to take to the jury room documents or tape recordings containing statements made by a witness."); State v. McKenzie
(Sept. 5, 1980), Erie App. No. E-79-36, unreported (finding that the trial court did not err by permitting the jury to listen to taped recording of witness's testimony).
The cases appellant cites to the contrary, State v. Motley (1985),21 Ohio App.3d 240, 486 N.E.2d 1259, and State v. Abrams (1974),39 Ohio St.2d 53, 313 N.E.2d 823, are inapposite. In Motley, the court determined that the defendant's right to a fair trial was denied when the trial judge allowed the court reporter, without any guidance from the trial judge, to respond to the jury's questions outside the judge's, counsel's, and the defendant's presence. In Abrams, the court held that the trial judge should not have communicated with the jury outside the presence of counsel and the defendant. In both cases, unrecorded communications occurred with the jury outside the public eye of the courtroom. Unlike Motley or Abrams, in the case at bar appellant and his counsel knew exactly what the jury would hear and the trial judge specifically informed the jury that it could not ask questions of the court reporter.
Accordingly, based upon the foregoing reasons, we overrule appellant's first assignment of error.
 II
In his second assignment of error, appellant argues that the trial court erred by adjudicating him a sexual predator. In particular, appellant asserts that: (1) the court relied upon the evidence presented at trial and the pre-sentence investigation report, including appellant's psychological evaluation, without hearing additional evidence; and (2) sufficient evidence does not exist to support the trial court's determination.
We first address appellant's argument that the trial court erred by relying upon the evidence presented at trial and the pre-sentence investigation report in adjudicating appellant a sexual predator.
R.C. 2950.09(B)(1) requires the sentencing judge to hold a hearing to determine whether a person who has been convicted of a sexually oriented offense is a sexual predator. The statute further specifies:
 At the hearing, the offender and the prosecutor shall have an opportunity to testify, present evidence, call and examine witnesses and expert witnesses, and cross-examine witnesses and expert witnesses regarding the determination as to whether the offender is a sexual predator. The offender shall have the right to be represented by counsel and, if indigent, the right to have counsel appointed to represent the offender.
R.C. 2950.09(B)(1).
In the case at bar, the trial court held a hearing and afforded appellant "an opportunity to testify, present evidence, call and examine witnesses and expert witnesses, and cross-examine witnesses and expert witnesses." Appellant, however, did not present any evidence. Moreover, appellant did not object to the trial court's decision to rely upon the evidence presented at trial and the pre-sentence investigation report. Because appellant chose not to present any evidence and because appellant did not object to the trial court's reliance upon the evidence presented at trial and the pre-sentence investigation report, in adjudicating appellant a sexual predator appellant has waived all but plain error. SeeState v. Cook (1998), 83 Ohio St.3d 404, 426, 700 N.E.2d 570, 587.
Furthermore, we agree with the state that a trial court does not err when it relies upon a pre-sentence investigation report in determining whether an offender is a sexual predator. As the state notes, the Ohio Supreme Court stated:
 "[T]he Ohio Rules of Evidence do not strictly apply to sexual predator determination hearings. Thus, reliable hearsay, such as a presentence investigation report, may be relied upon by the trial judge."
Cook, 83 Ohio St.3d at 425, 700 N.E.2d at 587.
Additionally, we do not believe that a trial judge who holds a sexual offender classification hearing errs by relying upon the evidence presented at trial when the trial judge is the same as the judge who presided over the trial and when the trial occurred in the recent past. See State v. Eppinger (2001), 91 Ohio St.3d 158, 164-65, 743 N.E.2d 881,887-88 (suggesting that the trial judge erred by relying upon recollection of the rape trial that occurred approximately nine years earlier); id., 91 Ohio St.3d at 166, 743 N.E.2d at 888 ("if the case was recently tried, the same trial court may not need to actually review the record").
In the case at bar, the same trial judge presided at appellant's trial and appellant's sexual offender classification hearing. Also, the sexual offender classification hearing occurred within two months of the trial. Consequently, we disagree with appellant that the trial court erred by relying upon the pre-sentence investigation report and the evidence presented at trial.
Appellant next argues that the trial court erred by adjudicating him a sexual predator. R.C. 2950.01(E) defines a "sexual predator" as "a person who has been convicted of or pleaded guilty to committing a sexually oriented offense and [who] is likely to engage in the future in one or more sexually oriented offenses." A "sexually oriented offense" includes a violation of R.C. 2907.02. See R.C. 2950.01(D)(1). R.C. 2950.09(B)(3) prohibits a trial court from adjudicating an offender as a sexual predator unless clear and convincing evidence exists in the record to support such a determination. See, e.g., Eppinger, 91 Ohio St.3d at 163,743 N.E.2d at 886; Cook, 83 Ohio St.3d at 423-24, 700 N.E.2d at 586.
 "Clear and convincing evidence is that measure or degree of proof which will produce in the mind of the trier of facts a firm belief or conviction as to the allegation sought to be established. It is intermediate, being more than a mere preponderance, but not to the extent of such certainty as is required beyond a reasonable doubt in criminal cases. It does not mean clear and unequivocal."
Cross v. Ledford (1954), 161 Ohio St. 469, 477, 120 N.E.2d 118, 123; see, also, Eppinger, 91 Ohio St.3d at 164, 743 N.E.2d at 887; State v.Schiebel (1990), 55 Ohio St.3d 71, 74, 564 N.E.2d 54, 60.
A reviewing court will not reverse a trial court's sexual predator determination unless the manifest weight of the evidence fails to support the trial court's decision. See Cook, 83 Ohio St.3d at 426,700 N.E.2d at 588 (holding that the trial court's sexual predator determination was "not against the manifest weight of the evidence"); see, also, State v.Austin (Nov. 21, 2001), Summit App. No. 20554, unreported; State v.Morris (July 18, 2000), Washington App. No. 99 CA 47, unreported. A reviewing court will not reverse a trial court's judgment as being against the manifest weight of the evidence if some competent and credible evidence supports the judgment.[1] See, e.g., Gerijo, Inc. v.Fairfield (1994), 70 Ohio St.3d 223, 226, 638 N.E.2d 533, 536; Vogel v.Wells (1991), 57 Ohio St.3d 91, 96, 566 N.E.2d 154, 159; C.E. Morris Co.v. Foley Construction Co. (1978), 54 Ohio St.2d 279, 376 N.E.2d 578, at the syllabus.
In conducting the sexual offender classification hearing, the trial court generally must fulfill three objectives. Eppinger,91 Ohio St.3d at 166, 743 N.E.2d at 888. First, the court must create a record for review. Id. Second, the trial court must determine whether the defendant is entitled to an expert witness.[2] Id., 91 Ohio St.3d at 166,743 N.E.2d at 888-89. Third, "the trial court should consider the statutory factors listed in R.C. 2950.09(B)(2), and should discuss on the record the particular evidence and factors upon which it relies in making its determination regarding the likelihood of recidivism." Id.,91 Ohio St.3d at 166, 743 N.E.2d at 889.
In determining whether an offender is a sexual predator, R.C.2950.09(B)(2) requires the trial court to consider the following factors:
(a) The offender's age;
 (b) The offender's prior criminal record regarding all offenses, including, but no limited to, all sexual offenses;
 (c) The age of the victim of the sexually oriented offense for which sentence is to be imposed;
 (d) Whether the sexually oriented offense for which sentence is to be imposed involved multiple victims;
 (e) Whether the offender used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
 (f) If the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense and, if the prior offense was a sex offense or a sexually oriented offense, whether the offender participated in available programs for sexual offenders;
 (g) Any mental illness or mental disability of the offender;
 (h) The nature of the offender's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
 (i) Whether the offender, during the commission of the sexually oriented offense for which sentence is to be imposed, displayed cruelty or made one or more threats of cruelty;
 (j) Any additional behavioral characteristics that contribute to the offender's conduct.
In the case at bar, we do not believe that the trial court's judgment adjudicating appellant a sexual predator is against the manifest weight of the evidence. The record reveals that the trial court considered the appropriate statutory factors. The court noted the disparity between appellant's age, fifty-two, and the victim's age, twelve. The court further noted that: (1) appellant's conduct "was part of a demonstrated pattern of abuse"; (2) appellant lacked remorse; (3) appellant denied culpability; and (4) the psychological report incorporated into the pre-sentence investigation report concluded that appellant would not respond well to sexual offender treatment programs. Moreover, we note that "[a]n offender who preys on children * * * may fit the pedophile profile, a class of sex offenders known for their especially high rate of recidivism." Eppinger, 91 Ohio St.3d at 162, 743 N.E.2d at 885.
Accordingly, based upon the foregoing reasons, we overrule appellant's second assignment of error and affirm the trial court's judgment.
 JUDGMENT ENTRY
It is ordered that the judgment be affirmed and that appellee recover of appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Ross County Common Pleas Court to carry this judgment into execution.
If a stay of execution of sentence and release upon bail has been previously granted, it is continued for a period of sixty days upon the bail previously posted. The purpose of said stay is to allow appellant to file with the Ohio Supreme Court an application for a stay during the pendency of the proceedings in that court. The stay as herein continued will terminate at the expiration of the sixty day period.
The stay will also terminate if appellant fails to file a notice of appeal with the Ohio Supreme Court in the forty-five day period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Ohio Supreme Court. Additionally, if the Ohio Supreme Court dismisses the appeal prior to the expiration of said sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Harsha, J. Evans, J.: Concur in Judgment Opinion.
[1] We note that some Ohio appellate districts employ the criminal manifest weight standard to sexual predator determinations. See State v.Price (Dec. 31, 2001), Franklin App. No. 00AP-1434, unreported; State v.Dama (Dec. 21, 2001), Trumbull App. No. 2000-T-0086, unreported; Statev. Austin (Nov. 21, 2001), Summit App. No. 20554, unreported. Others, however, employ the civil standard. See State v. Gerhardt (Aug. 31, 2001), Clark App. No. 00 CA 0090, unreported.
In State v. Morrison (Sept. 20, 2001), Franklin App. No. 01AP-66, unreported, the court questioned which standard to apply:
 "* * * [T]he question arises of whether appellant's manifest weight and sufficiency arguments should be met under the civil standard set forth under C.E. Morris Co. v. Foley Construction Co. (1978), 54 Ohio St.2d 279, 376 N.E.2d 578, which tends to merge the concepts of sufficiency and manifest weight, or the more specific standard applied to criminal cases under State v. Thompkins (1997), 78 Ohio St.3d 380, 678 N.E.2d 541, in which a clear distinction is made between sufficiency arguments and manifest weight arguments. Under C.E. Morris, `judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed by a reviewing court as being against the manifest weight of the evidence.' In contrast, under Thompkins, a court of appeals addressing manifest weight arguments in an appeal from a criminal conviction will show less deference to the finder of fact's resolution of conflicting testimony, sitting as a `thirteenth juror':
 "The court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. * * *"
[Id. at 387.] (Quoting State v. Martin (1983), 20 Ohio App.3d 172, 175,485 N.E.2d 717.) With respect to sufficiency of the evidence, Thompkins
states that `sufficiency is a test of adequacy. Whether the evidence is legally sufficient to sustain a verdict' to determine whether the case may go to the jury or support the jury verdict as a matter of law.Thompkins at 386. The manifest weight standard set forth in C.E. Morris, therefore, is much more akin to the sufficiency standard set forth inThompkins, and, accordingly, more deferential to the determinations of the trial court, rendering reversal less likely.
As mentioned above, when balancing the declared civil nature of predator proceedings with the inherently criminal context in which they arise, appellate districts have reached different conclusions as to whether Thompkins or C.E. Morris should apply in reviewing manifest weight and sufficiency appeals. The majority of appellate districts, including this one, have chosen to apply Thompkins, albeit without (up to this point) any extensive discussion of the suitability of this standard. See, e.g., State v. Bolin (June 15, 2001), Montgomery App. No. 18605, unreported (Second Appellate District); State v. Liles (Jan. 5, 2001), Huron App. No. H-00-019, unreported (Sixth Appellate District);State v. Sims (June 27, 2001), Jefferson App. No. 99-JE-43, unreported (Seventh Appellate District); State v. Dell (Aug. 10, 2001), Ashtabula App. No. 99-A-0038, unreported, (Eleventh Appellate District). Our two most recent decisions on the questions have also adopted Thompkins
without debate: State v. Thomas (Aug. 23, 2001) Franklin App. No. 00AP-1242, unreported; and State v. Golden (July 17, 2001), Franklin App. No. 00AP-1247, unreported. Contrary conclusions have been reached by at least one other Ohio appellate district: State v. Hunter (June 1, 2001), Hamilton App. No. C-000266, unreported, in which the First Appellate District concluded that C.E. Morris should apply based on the civil nature of predator proceedings."
The Morrison court ultimately chose to follow "the numerical weight of authority" and apply the Thompkins/criminal manifest weight standard.
Because the Ohio Supreme Court has explicitly stated that "sexual offender classification hearings under R.C. 2950.09(B) are civil in nature," State v. Gowdy (2000), 88 Ohio St.3d 387, 398, 727 N.E.2d 579,589 (citing Cook, 83 Ohio St.3d at 423, 700 N.E.2d at 585), this court, in the absence of clearer guidance from the supreme court, will continue to apply the C.E. Morris/civil manifest weight standard to sexual predator determinations. In any event, we arrive at the same result in the case sub judice regardless of which standard is employed.
[2] In Eppinger, the court set forth the test to determine whether a defendant is entitled to an expert witness to testify at the defendant's sexual offender classification hearing:
 "An expert witness shall be provided to an indigent defendant at an R.C. 2950.09(B)(1) sexual offender classification hearing if the court determines, within its sound discretion, that such services are reasonably necessary to determine whether the offender is likely to engage in the future in one or more sexually oriented offenses within the meaning of R.C. 2950.01(E)."
Id. at syllabus.