OPINION
Defendant-appellant, Michael D. Webb, appeals a decision of the Clermont County Court of Common Pleas in which the court dismissed his petition for postconviction relief without holding an evidentiary hearing. We affirm.
Appellant was accused of setting a fire in his home which caused the death of his three-year-old son, seriously injured his one and one-half-year-old son and wife, and put his two older daughters' lives in jeopardy. On June 25, 1991, a Clermont County jury convicted appellant of two counts of aggravated murder with death penalty specifications,[1] four counts of attempted aggravated murder, six counts of aggravated arson, and one count of aggravated theft. On July 16, 1991, the trial court accepted the jury's verdict and sentenced appellant to death on the aggravated murder and to maximum consecutive sentences on the remaining felony counts.
Appellant's convictions and imposition of the death penalty were upheld on direct appeal to this court. State v. Webb (May 24, 1993), Clermont App. No. CA91-08-053, unreported. The convictions and imposition of the death penalty were also upheld upon appeal to the Ohio Supreme Court. State v. Webb (1994),70 Ohio St.3d 325. The United States Supreme Court denied appellant's petition for writ of certiorari. Webb v. Ohio (1995), U.S. ___, 115 S.Ct. 1372.
On December 12, 1995, appellant filed a petition seeking postconviction relief in the Clermont County Common Pleas Court. On January 26, 1996, the state of Ohio, plaintiff-appellee herein, filed a motion for judgment. In response, appellant filed a "Cross-motion for Partial Summary Judgment and Memorandum Contra Respondent's Motion for Judgment." Subsequently, appellant filed interrogatories and a request for production of documents. Appellant also filed supplemental affidavits in support of his motion for partial summary judgment. On November 8, 1996, the trial court issued a decision granting the state's motion for judgment, denying appellant's motion for partial summary judgment, and dismissing appellant's petition for postconviction relief. Appellant sets forth five assignments of error on appeal.
Assignment of Error No. 1:
 THE TRIAL COURT ERRED IN DISMISSING THE PETITION BECAUSE EACH OF THE CLAIMS FOR RELIEF SET FORTH A CONSTITUTIONAL CLAIM UPON WHICH RELIEF COULD HAVE BEEN GRANTED.
Appellant argues that the trial court erred when it denied him an evidentiary hearing on his petition for postconviction relief. Appellant set forth thirty-eight claims for relief and a separate claim for declaratory relief in his petition.
A petition for postconviction relief may be dismissed without an evidentiary hearing when the claims raised are barred by the doctrine of res judicata. State v. Perry (1967), 10 Ohio St.2d 175.
 Under the doctrine of res judicata, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except on appeal from that judgment, any defense or claimed lack of due process that was raised or could have been raised by the defendant at the trial, which resulted in that judgment of conviction, or on an appeal from that judgment.
Id. at syllabus.
Examining all of appellant's claims for relief and the trial court's responses, we hold that the causes of action numbered one through thirteen, fifteen through seventeen (claims eighteen through twenty-two will be separately addressed in the third assignment of error), twenty-three, twenty-four, twenty-six, and thirty through thirty-four presented claims which were or could have been raised on direct appeal. The trial court determined that claims were therefore barred by the doctrine of res judicata. Our review of the record supports the trial court's conclusion and we further conclude that res judicata could also be applied to the causes of action numbered twenty-two, thirty-seven, and thirty-eight.
The trial court determined that eight causes of action were not specifically barred by res judicata. In his fourteenth cause of action, appellant asserts that the prosecution engaged in misconduct during the culpability phase of the trial. Appellant makes two specific allegations which are supported by evidence dehors the record. Appellant alleges that the prosecution misrepresented to the court that appellant's wife, Susan Webb, was a hostile witness. In support, appellant submitted a letter from the prosecutor to the Ohio Victims of Crime Fund that indicates that Susan Webb was cooperative with his office and therefore should be eligible to receive any assistance the fund might provide. The trial court found that this allegation was contradicted by the record of the trial. During the trial, the prosecution stated that it could not represent to the court that Susan Webb was a hostile witness. The trial court found that not only was there no demonstration of misrepresentation, but that the letter was not an evidentiary document for purposes of R.C.2953.21(C).
Appellant additionally asserts in his fourteenth cause of action that the prosecution threatened Susan Webb with the loss of victims of crime benefits. Appellant offers the affidavit of Martin Yant, a private investigator, to support this claim of prosecutorial misconduct. However, even if the prosecutor did threaten Susan Webb with loss of victims of crime benefits, this would not have been an inaccurate statement of the law. R.C.2743.60(C) provides that benefits may be denied "upon a finding that the claimant or victim has not fully cooperated with appropriate law enforcement agencies."
Appellant has failed to demonstrate prosecutorial misconduct by either document. Therefore, appellant's claim is without merit and was properly dismissed by the trial court without an evidentiary hearing. State v. Franklin (Jan. 25, 1995), Hamilton App. No. C-930760, unreported, following State v. Jackson (1980), 64 Ohio St.2d 107.
Appellant alleges twenty-nine other instances of alleged prosecutorial misconduct in his fourteenth cause of action. The trial court properly found that these claims were barred by res judicata. Appellant offered no evidence dehors the record to support these claims, but directed the court to the trial transcript. These claims could have been raised on direct appeal and are therefore barred by res judicata.
In his twenty-fifth claim for relief, appellant contends that his trial counsel did not keep themselves apprised of relevant pending state and/or federal appellate cases involving legal issues pertaining to appellant's case. This allegation is unsupported by any evidence dehors the record as required by R.C.2953.21. Therefore, the trial court properly concluded that this claim can be dismissed because it failed to meet the evidentiary burden required by R.C. 2953.21. Additionally, this claim is barred by res judicata because it could have been brought on direct appeal.
Appellant's twenty-seventh, twenty-eighth, and twenty-ninth claims for relief allege that appellate review of Ohio's capital punishment statutes is unconstitutional. Alleged errors that occur in courts superior to the court of common pleas are not cognizable in postconviction relief proceedings. An inferior court has no jurisdictional basis to review the actions and discussions of superior courts. State v. Franklin, following State v. Van Hook (Oct. 21, 1992), Hamilton App. No. C-910505, unreported. Accordingly, the trial court properly denied appellant an evidentiary hearing on these claims.
In appellant's thirty-fifth claim for relief, he contends that his constitutional rights have been violated because he is factually innocent. In support of this claim, appellant offers the affidavit of Martin Yant. A review of this affidavit supports the trial court's determination that this affidavit does not provide any material support for appellant's claim. Furthermore, this claim is directed towards the weight of the evidence, a matter not cognizable by postconviction relief. State v. Zuern (Dec. 4, 1991), Hamilton App. Nos. C-900481, C-900229, unreported. The trial court properly denied appellant an evidentiary hearing on this claim.
Appellant's thirty-sixth claim for relief alleges cumulative error based on the previous thirty-five claims for relief. However, based on this court's finding that the trial court properly denied an evidentiary hearing on the thirty-five claims for relief, this claim is without merit.
In appellant's thirty-seventh claim for relief, he maintains that his constitutional rights were violated because the foreperson of the jury reached a conclusion prior to the conclusion of the presentation of evidence as to appellant's guilt. To support this claim, appellant offers the affidavit of Martin Yant. In this affidavit, Yant states that a juror told her husband, before all the evidence was presented, that she had decided that appellant was guilty. This statement made by Yant was based upon several levels of hearsay. Furthermore, these same allegations were made during the culpability phase of the trial. At that time, the juror in question was voir dired by the court and counsel, and the juror denied any such allegations. Therefore, the allegation that the juror did not follow the law is contradicted by the record itself and is barred by the doctrine of res judicata.
In his thirty-eighth claim for relief, appellant contends that his constitutional rights were violated because the state of Ohio, through the public defender's office, impeded the defense by providing inadequate investigation for use by appellant's trial counsel. In support of this contention, appellant directs the court to Martin Yant's affidavit.
However, the mere presentation of evidence outside the record does not guarantee a right to an evidentiary hearing. State v. Cole (1982), 2 Ohio St.3d 112. Evidence offered dehors the record must meet a threshold standard of cogency. State v. Coleman (Mar. 17, 1993), Hamilton App. No. C-900811, unreported. This evidence must be genuinely significant and materially advance the claim. State v. Franklin (Jan. 25, 1995), Hamilton App. No. C-930760, unreported, following State v. Steffan (May 11, 1994), Hamilton App. No. C-930351, unreported. The trial court found, and we concur, that Yant's affidavit does not remove the bar of res judicata as the affidavit does not contain sufficient operative facts to show that substantive grounds for relief exist. State v. Jackson (1980), 64 Ohio St.2d 107, 110. The trial court properly denied appellant a hearing on this claim.
After analyzing the thirty-eight claims for relief in appellant's petition for postconviction relief, the court then considered appellant's separate claim for declaratory relief. Appellant contends that the postconviction relief statute, R.C.2953.21, is unconstitutional and fails to comply with the Ohio Rules of Civil Procedure. Appellant further argues that the doctrine of res judicata is unconstitutional and discriminatory as it applies to defendants who have not appealed.
The trial court found that because postconviction proceedings are statutorily created, specific requirements set out by statute take priority where they conflict with the civil rules. State v. Lawson (May 8, 1995), Clermont App. No. CA94-07-053, unreported. The trial court further found that the "implementation of the doctrine of res judicata does not act to deprive litigants of constitutional rights, but rather conserves judicial resources while still permitting the defendant to have his day in court." Id. The doctrine of res judicata applies equally to an individual who has chosen not to appeal his conviction in that issues cannot be raised that were, or could have been, raised on direct appeal. State v. Perry (1967), 10 Ohio St.2d 175. Accordingly, the trial court did not err in dismissing appellant's claim for declaratory relief.
The trial court found that there were no grounds for an evidentiary hearing. We concur with the trial court and hold that the trial court did not err in dismissing appellant's petition for postconviction relief without a hearing. Appellant failed to sustain his initial burden of demonstrating sufficient operative facts to show substantive grounds for relief. Appellant's first assignment of error is overruled.
Assignment of Error No. 2:
 THE TRIAL COURT ERRED IN FAILING TO AFFORD APPELLANT WITH DISCOVERY IN ACCORDANCE WITH THE CIVIL RULES BECAUSE THE LACK OF DISCOVERY DENIED APPELLANT AN OPPORTUNITY TO DEVELOP THE FACTUAL BASIS FOR HIS CLAIMS IN VIOLATION OF HIS RIGHTS UNDER THE FIFTH, SIXTH, EIGHTH, NINTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES, AND ARTICLE 1, SECTIONS 1, 2, 9, 10, 16 AND 20 OF THE OHIO CONSTITUTION.
Appellant argues that the trial court erred in failing to order the state to respond to appellant's interrogatories and requests for the production of documents. Specifically, appellant claims that the civil rules allow for the use of discovery devices in a postconviction proceeding.
An action in postconviction is a civil proceeding. State v. Nichols (1984), 11 Ohio St.3d 40, 42. However, the procedure to be followed in ruling on such a petition is set forth in R.C.2953.21. A trial court must determine whether there are grounds for relief based on the petition, the affidavits, the transcripts, and the court file. State v. Jackson (1988), 64 Ohio St.2d 107. R.C. 2953.21 "does not contemplate the use of interrogatories in determining whether a hearing is warranted; therefore, a trial court is not required to order that interrogatories propounded by petitioner be answered." State v. Smith (1986), 30 Ohio App.3d 138, syllabus. Therefore, the trial court did not err in declining to order the state to respond to appellant's interrogatories or request for production of documents. Appellant's second assignment of error is overruled.
Assignment of Error No. 3:
 THE TRIAL COURT ERRED IN FAILING TO HOLD A HEARING ON PETITIONER'S CLAIMS OF INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL, THUS VIOLATING HIS RIGHTS UNDER THE FIFTH, SIXTH, EIGHTH, NINTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES, AND ARTICLE I, SECTIONS 1, 2, 9, 10, 16, AND 20 OF THE OHIO CONSTITUTION.
Appellant asserts that claims for relief eighteen through twenty-two, which relate to the claim of ineffective assistance of counsel, were sufficient on their face to warrant a hearing and that the trial court erred in not granting a hearing. Additionally, appellant filed a cross-motion for partial summary judgment on the issue of ineffective assistance of counsel. The trial court looked separately at appellant's claims eighteen through twenty-two and the motion for partial summary judgment. This court will also address the two issues separately.
It is well-established that res judicata is a proper basis upon which to dismiss a petition for postconviction relief without a hearing. State v. Perry (1967), 10 Ohio St.2d 175. The presentation of competent, relevant and material evidence dehors the record may defeat the application of res judicata. State v. Smith (1985), 17 Ohio St.3d 98, 101. Furthermore, to overcome the res judicata bar, evidence offered dehors the record must demonstrate that the petitioner could not have appealed the constitutional claim based upon information in the original record. State v. Lawson (1995), 103 Ohio App.3d 307.
On claims eighteen through twenty-one, the trial court held that the claims were barred by res judicata as they were or could have been brought on direct appeal; appellant did not offer any evidence dehors the record to support these claims. State v. Perry (1967), 10 Ohio St.2d 175. The trial court dismissed claim twenty-two because appellant made only broad assertions regarding his counsel's alleged ineffectiveness in presenting evidence without further demonstration of prejudice and therefore was not entitled to an evidentiary hearing. State v. Jackson (1980),64 Ohio St.2d 107, 111. This court is not persuaded that the issues raised could not have been determined without resorting to evidence dehors the record. Accordingly, the trial court did not abuse its discretion in not granting an evidentiary hearing on claims eighteen through twenty-two.
Appellant's cross-motion for partial summary judgment also attempted to establish a claim for ineffective assistance of counsel. To establish a claim for ineffective assistance of counsel, it must be shown that counsel's performance fell below an objective standard of reasonableness and that there exists a reasonable probability that were it not for counsel's errors, the result of the trial would have been different. Strickland v. Washington (1984), 466 U.S. 668, 194 S.Ct. 2052. The trial court, in its analysis of appellant's partial motion for summary judgment, determined that appellant failed to meet the Strickland test for ineffective assistance of counsel. The trial court looked at the four affidavits offered by appellant dehors the record and determined that they did not contain new information or evidence that was unavailable at the time of trial. Therefore, an evidentiary hearing was not required. State v. Viars (Sept. 2, 1997), Butler App. No. CA97-01-012, unreported. Appellant's third assignment of error is overruled.
Assignment of Error No. 4:
 THE TRIAL COURT ERRED BECAUSE ITS DECISION RENDERED ON NOVEMBER 8, 1996 WAS BASED ON AN UNREASONABLE DETERMINATION OF THE UNDERLYING FACTS IN LIGHT OF THE EVIDENCE PRESENTED AND APPLICABLE LAW.
Appellant argues that the trial court failed to consider the entire trial transcript in determining whether appellant had presented substantive grounds for relief, and he was therefore entitled to an evidentiary hearing pursuant to R.C. 2953.21(C). However, "[t]here is a basic presumption on appellate review that the proceedings in the court below were valid, regular and correct." State v. Rutledge (Dec. 17, 1984), Montgomery App. No. 8793, unreported. In its decision/entry, the trial court stated that it had reviewed the "motions, memoranda and supporting affidavits" before rendering its decision. The trial court made numerous references to the record and several times cited to specific parts of the record. Although the trial court did not specifically state that it had reviewed the entire record, we presume that the proceedings below were valid, regular, and correct and that the trial court did review the entire record as required by statute. Rutledge.
Appellant additionally argues that the trial court's decision deprived him of due process because it contained seventeen alleged mistakes of fact and law. Findings of fact and conclusions of law are mandatory under the postconviction relief statute if the trial court dismisses the petition. State v. Lester (1975), 41 Ohio St.2d 51, syllabus. Findings of fact and conclusions of law are required to "apprise petitioner of the grounds for the judgment of the trial court and to enable the appellate courts to properly determine appeals in such a case." Jones v. State (1966), 8 Ohio St.2d 21, 22.
The trial court made findings of fact and conclusions of law as required. Even if we assume that mistakes were made in the trial court's decision, we do not find that these mistakes rise to a level which denied proper appellate review. Furthermore, appellant has failed to demonstrate that the alleged errors in the trial court's decision unfairly prejudiced him. Appellant's fourth assignment of error is overruled.
Assignment of Error No. 5:
 THE TRIAL COURT ERRED IN DISMISSING THE PETITION BECAUSE THE STATE POSTCONVICTION SCHEME AS APPLIED OFFERS AN INADEQUATE CORRECTIVE PROCESS FOR THE FACTUAL DEVELOPMENT, HEARING AND DETERMINATION OF CLAIMS OF VIOLATION OF STATE AND FEDERAL CONSTITUTIONAL GUARANTEES.
Appellant's fifth assignment of error summarizes his previous arguments and asserts that the postconviction remedy in Ohio is inadequate for a full and fair adjudication of constitutional claims. Courts are bound to give legislation constitutional construction, rather than unconstitutional construction. State v. Berry (1971), 25 Ohio St.2d 255, 259. Appellant has failed to go beyond mere conclusory allegations as to the statute's constitutionality. See State v. Sklenar (1991), 71 Ohio App.3d 444. Furthermore, R.C. 2953.21 has been held to be constitutional. Id. As appellant's other assignments of error have been found to be without merit, appellant's fifth assignment of error is overruled.
Judgment affirmed.
POWELL, P.J., and WALSH, J., concur.
[1] Appellant was found guilty of aggravated murder with prior calculation and design in violation of R.C. 2903.01(A) and was also found guilty of aggravated murder while committing or attempting to commit the offense of aggravated arson in violation of R.C. 2903.01(B). The trial court merged the two offenses for sentencing purposes.