DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a Pickaway County Common Pleas Court judgment of conviction and sentence. The jury found Casey D. Schuler, defendant below and appellant herein, guilty of burglary, in violation of R.C. 2911.12(A)(1), and of theft, in violation of R.C. 2913.02(A)(1).
 {¶ 2} Appellant raises the following assignments of error:
FIRST ASSIGNMENT OF ERROR:
 {¶ 3} "THE TRIAL COURT'S EXCLUSION OF RELEVANT EVIDENCE VIOLATED EVID.R. 404(B) AND DENIED APPELLANT HIS RIGHT TO PRESENT A DEFENSE."
SECOND ASSIGNMENT OF ERROR:
 {¶ 4} "CASEY SCHULER WAS DENIED DUE PROCESS OF LAW WHEN THE TRIAL COURT PROVIDED THE JURY, DURING DELIBERATIONS, A PARTIAL, UNEDITED, AND UNOFFICIAL TRANSCRIPT IN RESPONSE TO A QUESTION POSED TO THE COURT."
THIRD ASSIGNMENT OF ERROR:
 {¶ 5} "THE EVIDENCE PRESENTED AT TRIAL WAS INSUFFICIENT AND AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."
 {¶ 6} Our review of the record reveals the following facts pertinent to the instant appeal. On July 16, 2002, at approximately 3:00 a.m., Scioto Township Fire Department squad members spotted a pick-up truck stopped in the middle of Welch Road, in Orient, Ohio, near Kenyon Johnson's home. The fire department employees recorded the pick-up truck's license plate number and reported it to the Pickaway County Sheriff's Office.
 {¶ 7} On the morning of July 16, 2002, Kenyon Johnson discovered that his recently purchased 2001 Polaris 325 Trail Boss, a four wheel all-terrain vehicle, was missing from his garage. Johnson last saw it the prior evening at approximately 10:30 p.m.
 {¶ 8} In investigating the disappearance of Johnson's vehicle, the Sheriff's Office decided to check the license plate number that the fire department squad members obtained from the pick-up truck through the "LEADS" system. The Sheriff's Office discovered that the pick-up truck belonged to appellant.
 {¶ 9} Pickaway County Sheriff's Detectives Rex Emrick[2] and Gary Combs then decided to question appellant. On July 16, 2002, at approximately 2:00 p.m., the detectives arrived at appellant's residence. When the detectives arrived, appellant was asleep in bed and appellant's father had to wake him. The detectives asked appellant whether he had any knowledge of the disappearance of Johnson's vehicle. Initially, appellant denied possessing any knowledge as to the disappearance of the vehicle. Appellant informed the detectives that the prior evening he had driven his girlfriend home around 12:30 a.m., and then returned home. Appellant stated that no one had used his pick-up truck the prior evening.
 {¶ 10} The detectives asked appellant if they could look at his pick-up truck. Appellant consented. Upon examining the truck, the detectives observed tire tracks that had been made by a four wheel vehicle. The detectives again questioned appellant and this time, appellant changed his story. According to Detective Emrick, appellant, when presented with information that his truck revealed four wheel tire tracks, appellant told the detectives: "Gee, my cousin Andrew must have used that truck."
 {¶ 11} Appellant then told the detectives where to find the four wheeler. Appellant stated that the vehicle would be in Columbus at "James'" house and that all of the "hot stuff" goes to James's house. Appellant told the detectives the precise location on James's property where the vehicle would be located and that the vehicle would be sitting at the edge of the yard, at the end of the driveway. Detective Combs drove to James's residence and discovered the vehicle in the exact location that appellant described.
 {¶ 12} On August 3, 2001, the Pickaway County Grand Jury charged appellant with burglary, in violation of R.C. 2911.12(A)(1), and theft, in violation of R.C. 2913.02(A)(1). On December 3, 2001, the trial court held a jury trial. At trial, appellant attempted to place the blame for the crimes upon his cousin, Andrew Dotson. The detectives had attempted to interview Dotson, but Dotson was murdered before they were able to do so. On cross-examination of Detective Combs, appellant's counsel asked Combs whether he thought Dotson was involved in the theft. Detective Combs responded that he possessed no evidence to indicate either way.
 {¶ 13} In questioning Detective Emrick, appellant's counsel asked whether the detective, in the course of his investigation, discovered that "Columbus had fingerprints already on Andrew Dotson." Detective Emrick stated yes. Appellant's counsel then asked whether Detective Emrick discovered that Dotson was on probation for theft in Franklin County. The prosecution objected to this question and the trial court sustained the objection. During a bench conference, appellant argued that Dotson's prior theft conviction was relevant to show that Dotson, and not appellant, stole Johnson's vehicle.
 {¶ 14} On December 4, 2001, the jury found appellant guilty of burglary and theft.On February 7, 2002, the trial court sentenced appellant to concurrent terms of imprisonment of four years for the burglary offense and eight months for the theft offense. Appellant filed a timely notice of appeal.
 I {¶ 15} In his first assignment of error, appellant asserts that the trial court erroneously excluded evidence regarding Dotson's prior theft conviction. Appellant contends that pursuant to Evid.R. 404(B) and Evid.R. 405(B), the trial court should have admitted the evidence. Appellant claims that the trial court's failure to allow him to present evidence of Dotson's prior theft conviction violated his right to present a defense.
 {¶ 16} "[T]he Constitution guarantees criminal defendants `a meaningful opportunity to present a complete defense.'" Crane v.Kentucky (1986), 476 U.S. 683, 690, 106 S.Ct. 2142, 90 L.Ed.2d 636
(quoting California v. Trombetta (1984), 467 U.S. 479, 485,104 S.Ct. 2528, 81 L.Ed.2d 413). Although the right to present a defense is a fundamental element of due process of law, the right is not without limits. See Washington v. Texas (1967), 388 U.S. 14, 19-21,87 S.Ct. 1920, 18 L.Ed.2d 1019. The right has only been applied to "testimony [that] would have been relevant and material, and * * * vital to the defense." United States v. Valenzuela-Bernal (1982), 458 U.S. 858, 867,102 S.Ct. 3440, 73 L.Ed.2d 1193 (quoting Washington, 388 U.S. at 16. Moreover, the testimony or evidence must otherwise be admissible under the rules of evidence. See Taylor v. Illinois (1987), 484 U.S. 400, 411,108 S.Ct. 646, 98 L.Ed.2. 798.
 {¶ 17} In the case at bar, we do not believe that the trial court's refusal to allow evidence of Dotson's prior theft conviction violated appellant's right to present a defense. We note that the decision to admit or exclude relevant evidence is within the sound discretion of the trial court. State v. Bey (1999), 85 Ohio St.3d 487,490, 709 N.E.2d 484. The trial court's decision to admit or exclude relevant evidence cannot be reversed absent an abuse of that discretion. See, e.g., State v. Combs (1991), 62 Ohio St.3d 278, 581 N.E.2d 1071;State v. Sage (1987), 31 Ohio St.3d 173, 510 N.E.2d 343; State v. Rooker
(Apr. 15, 1993), Pike App. No. 483. The term "abuse of discretion" implies more than an error of law or judgment. Rather, the term suggests that the trial court acted in an unreasonable, arbitrary, or unconscionable manner. See, e.g., State v. Xie (1992), 62 Ohio St.3d 521,584 N.E.2d 715; State v. Montgomery (1991), 61 Ohio St.3d 410,575 N.E.2d 167. Furthermore, when applying the abuse of discretion standard, a reviewing court is not free to merely substitute its judgment for that of the trial court. In re Jane Doe 1 (1991), 57 Ohio St.3d 135,566 N.E.2d 1181 (citing Berk v. Matthews (1990), 53 Ohio St.3d 161,359 N.E.2d 1301).
 {¶ 18} Generally, all relevant evidence is admissible. See Evid.R. 402. Evid.R. 401 defines relevant evidence as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." The trial court must deem relevant evidence inadmissible, however, if the introduction of the evidence violates the United States or the Ohio Constitutions, an Ohio statute, the Ohio Rules of Evidence, or "other rules prescribed by the Supreme Court of Ohio." Evid.R. 402. Additionally, relevant "evidence is not admissible if its probative value * * * substantially outweigh[s] * * * the danger of unfair prejudice, of confusion of the issues, or of misleading the jury." Evid.R. 403(A).
 {¶ 19} Evid.R. 404 sets forth a general bar against the use of character evidence. Of importance to the case sub judice, Evid.R. 404(B) provides as follows:
 {¶ 20} "Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence or mistake or accident."
 {¶ 21} Additionally, Evid.R. 405(B) provides as follows: "In cases in which character or a trait of character of a person is an essential element of a charge, claim, or defense, proof may also be made of specific instances of his conduct."
 {¶ 22} Appellant claims that evidence of Dotson's prior theft conviction is admissible under Evid.R. 404(B) and Evid.R. 405(B) to help show the identity of the person who stole Johnson's vehicle. Appellant argues that the evidence was relevant to his theory of his defense — that he was not involved in stealing Johnson's vehicle and that Dotson stole the vehicle.
 {¶ 23} Our research has revealed few Ohio cases that examine whether evidence of a third person's criminal act is admissible when the defendant denies committing the offense at issue and seeks to place the blame on the third person. The few Ohio cases that have addressed the issue all have held that for a third person's prior criminal act to be admissible, the third person's prior criminal act must be "sufficiently similar to the offense charged." See State v. Ward (Feb. 15, 1983), Franklin App. No. 82AP-451 (citing United States v. Hallman (D.C. Cir., 1971), 439 F.2d 603, 605; United States v. Armstrong (9th Cir., 1980),621 F.2d 951; United States v. Robinson (2nd Cir., 1976), 544 F.2d 110;State v. Burke (Jan. 21, 1982), Franklin App. No. 81AP-466). "The modus operandi must be so similar as to show a connection with the crime with which the defendant is charged." Ward; see, generally, State v. Simmons
(Feb. 25, 1994), Clark App. No. 2981; Burke.
 {¶ 24} In the case sub judice, the record does not describe the nature of Dotson's prior theft offense and does not establish that the prior offense is sufficiently similar to the theft offense with which appellant was charged. Thus, we cannot say that the trial court abused its discretion and erred by refusing to allow appellant to introduce the prior conviction evidence.
 {¶ 25} Accordingly, based upon the foregoing reasons, we overrule appellant's first assignment of error.
 II {¶ 26} In his second assignment of error, appellant argues that the trial court erred by permitting the jury to listen to a partial, unedited, and unofficial transcript in response to one of the jury's questions. Appellant notes that the jury requested to "review the testimony of detective Emrick as regards what [appellant] said to him about where and how the four wheeler would be found." Appellant argues that the trial court erred by failing to provide the jury with Emrick's entire testimony and by omitting "key information." Specifically, appellant claims that the transcript did not include: "information regarding the lack of physical evidence linking [appellant] to the crime, the detective not finding the stolen four wheeler in [appellant]'s possession, and [appellant]'s cooperation with the investigation. The testimony did not include [appellant]'s claims of innocence, nor did it include [appellant]'s concerns about disclosing the details of the four wheeler because he was scared of Conway. The transcript also excluded information regarding Dotson's murder and the investigation into Conway."
 {¶ 27} Appellant contends that the trial court, instead of providing the jury with a partial transcript of the detective's testimony, should have either: (1) instructed the jury to rely on its collective memory or (2) provided the jury with a complete transcript of Emrick's testimony. Appellant asserts that by providing the jury with only a partial transcript, the jury could not weigh all of the evidence. We disagree with appellant.
 {¶ 28} A trial court possesses broad discretion in deciding whether to permit a jury, during its deliberations, to re-hear part or all of a witness's testimony. See State v. Carter (1995),72 Ohio St.3d 545, 560, 651 N.E.2d 965; State v. Berry (1971),25 Ohio St.2d 255, 267 N.E.2d 775, paragraph four of the syllabus; Statev. Burrow (2000), 140 Ohio App.3d 466, 472, 748 N.E.2d 95. Accordingly, absent an abuse of discretion, a reviewing court may not reverse a trial court's decision. As we previously stated, a trial court abuses its discretion when its decision is unreasonable, arbitrary, or unconscionable.
 {¶ 29} It is well-established that a trial court may provide the jury with a partial transcript of a witness's testimony. See Berry,supra (stating that the trial court "may cause to be read all or part of the testimony of any witness"). No Ohio court has held that upon a jury's request to review a portion of a witness's testimony, the trial court must, under all circumstances, submit to the jury a transcript of that witness's entire testimony. Moreover, such a holding would appear to contradict the express language of Berry, which explicitly states that the trial court may submit to the jury "all or part of the testimony of any witness." We therefore disagree with appellant that in the case sub judice the trial court should have submitted to the jury Detective Emrick's entire testimony.
 {¶ 30} Accordingly, based upon the foregoing reasons, we overrule appellant's second assignment of error.
 III {¶ 31} In his third assignment of error, appellant argues that insufficient evidence exists to support his conviction and that his conviction is against the manifest weight of the evidence.
 A SUFFICIENCY OF THE EVIDENCE {¶ 32} When reviewing a sufficiency of the evidence claim, our inquiry focuses primarily upon the adequacy of the evidence; that is, whether the evidence, if believed, reasonably could support a finding of guilt beyond a reasonable doubt. See State v. Thompkins (1997),78 Ohio St.3d 380, 386, 678 N.E.2d 541 (stating that "sufficiency is the test of adequacy"); State v. Jenks (1991), 61 Ohio St.3d 259, 273,574 N.E.2d 492. The standard of review is whether, after viewing the probative evidence and inferences reasonably drawn therefrom in the light most favorable to the prosecution, any rational trier of fact could have found all the essential elements of the offense beyond a reasonable doubt. Jackson v. Virginia (1979), 443 U.S. 307, 99 S.Ct. 2781,61 L.Ed.2d 560; Jenks, 61 Ohio St.3d at 273. Furthermore, a reviewing court is not to assess "whether the state's evidence is to be believed, but whether, if believed, the evidence against a defendant would support a conviction." Thompkins, 78 Ohio St.3d at 390 (Cook, J., concurring). Reviewing courts will not overturn convictions on sufficiency of evidence claims unless reasonable minds could not reach the conclusion reached by the trier of fact. See State v. Tibbetts (2001), 92 Ohio St.3d 146749 N.E.2d 226; State v. Treesh (2001), 90 Ohio St.3d 460, 739 N.E.2d 749.
 {¶ 33} In reviewing sufficiency of the evidence claims, courts must remain mindful that the elements of an offense may be established by direct evidence, circumstantial evidence, or both. See State v. Durr
(1991), 58 Ohio St.3d 86, 568 N.E.2d 674. Circumstantial and direct evidence are of equal evidentiary value. See Jenks, 61 Ohio St.3d at 272
("Circumstantial evidence and direct evidence inherently possess the same probative value [and] in some instances certain facts can only be established by circumstantial evidence."). When reviewing the value of circumstantial evidence, we note that "the weight accorded an inference is fact-dependent and can be disregarded as speculative only if reasonable minds can come to the conclusion that the inference is not supported by the evidence." Wesley v. The McAlpin Co. (May 25, 1994) Hamilton App. No. C-930286, unreported (citing Donaldson v. NorthernTrading Co. (1992), 82 Ohio App.3d 476, 483, 612 N.E.2d 754).
 {¶ 34} Employing the above standard, we believe that in the case sub judice the state presented sufficient evidence from which a jury could conclude, beyond a reasonable doubt, that appellant committed the offenses of burglary and of theft. R.C. 2911.12(A)(1) (burglary) provides:
 {¶ 35} "(A) No person, by force, stealth, or deception, shall do any of the following:
 {¶ 36} "(1) Trespass in an occupied structure or in a separately secured or separately occupied portion of an occupied structure, when another person other than an accomplice of the offender is present, with purpose to commit in the structure or in the separately secured or separately occupied portion of the structure any criminal offense."
 {¶ 37} R.C. 2913.02(A)(1) (theft) provides:
 {¶ 38} "(A) No person, with purpose to deprive the owner of property or services, shall knowingly obtain or exert control over either the property or services in any of the following ways:
 {¶ 39} "(1) Without the consent of the owner or person authorized to give consent."
 {¶ 40} In the case at bar, appellant argues that the state presented insufficient evidence from which the jury could have concluded, beyond a reasonable doubt, that he trespassed on the property of another with the intent to commit a criminal offense and that appellant exerted control over the property of another without consent. Appellant, in essence, contends that insufficient evidence exists because no physical or direct evidence links him to the crimes. Appellant notes that: (1) no fingerprints were found that linked him to the crimes; (2) no eyewitnesses observed him commit any crimes; and (3) the stolen four wheeler was not found at his home. Appellant further argues that his denials and his cooperation with the investigation by telling law enforcement officers where to find the stolen four wheeler demonstrates his innocence. We disagree with appellant. After our review of the record, we believe that sufficient evidence exists in the case sub judice from which the jury could have concluded, beyond a reasonable doubt, that appellant committed the offenses of burglary and of theft. Simply because the evidence supporting appellant's conviction is circumstantial in nature does not mean that insufficient evidence exists to support appellant's conviction. While no direct evidence ties appellant to the crimes, sufficient circumstantial evidence exists to support appellant's conviction. First, appellant's truck was spotted at the scene of the crime at a late hour presumably near the time the crime was committed. Second, appellant, who claimed to be at home by 12:30 a.m. on the morning of the crime, was sleeping at 2:00 on the afternoon following the crime. Third, four wheel tire tracks were discovered in the back of appellant's truck. Fourth, appellant knew exactly where the stolen four wheeler was located. Appellant did not simply know that the four wheeler was at "James's" home. Rather, appellant knew that the four wheeler was at James's home and he further knew the exact location and position in which the four wheeler would be found. From such evidence, we believe that the jury could reasonably and properly infer that appellant committed the offenses.
 {¶ 41} Consequently, we disagree with appellant that insufficient evidence exists to establish, beyond a reasonable doubt, that he committed the offenses of burglary and of theft.
 B MANIFEST WEIGHT OF THE EVIDENCE {¶ 42} For essentially the same reasons he claims that insufficient evidence exists to support his conviction, appellant asserts that his conviction is against the manifest weight of the evidence.
 {¶ 43} When an appellate court consider a claim that a conviction is against the manifest weight of the evidence, the court must dutifully examine the entire record, weigh the evidence and consider the credibility of witnesses, while being mindful that credibility generally is an issue for the trier of fact to resolve. See State v. Thomas
(1982), 70 Ohio St.2d 79, 80, 434 N.E.2d 1356; State v. DeHass (1967),10 Ohio St.2d 230, 227 N.E.2d 212, paragraph one of the syllabus. Once the reviewing court has finished its examination, the court may reverse the judgment of conviction only if it appears that the fact finder, in resolving conflicts in evidence, "`clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.'" Thompkins, 78 Ohio St.3d at 387 (quoting Statev. Martin (1983), 20 Ohio App.3d 172, 175, 485 N.E.2d 717). If the state presented substantial evidence upon which the trier of fact reasonably could conclude, beyond a reasonable doubt, that the essential elements of the offense had been established, a reviewing court will not reverse the judgment of conviction as against the manifest weight of the evidence. See State v. Eley (1978), 56 Ohio St.2d 169, 383 N.E.2d 132, syllabus.
 {¶ 44} After our review of the record in the case sub judice, we find substantial competent and credible evidence upon which the trier of fact reasonably could conclude that the state had established, beyond a reasonable doubt, the essential elements of the offenses with which appellant was charged. As we stated above, the evidence amply reveals that appellant committed the crimes with which he was charged. The jury did not clearly lose its way and create a manifest miscarriage of justice.
 {¶ 45} Accordingly, based upon the foregoing reasons, we overrule appellant's third assignment of error and affirm the trial court's judgment.
JUDGMENT AFFIRMED.
 JUDGMENT ENTRY
It is ordered that the judgment be affirmed and that appellant recover of appellee costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Pickaway County Common Pleas Court to carry this judgment into execution.
If a stay of execution of sentence and release upon bail has been previously granted, it is continued for a period of sixty days upon the bail previously posted. The purpose of said stay is to allow appellant to file with the Ohio Supreme Court an application for a stay during the pendency of the proceedings in that court. The stay as herein continued will terminate at the expiration of the sixty day period.
The stay will also terminate if appellant fails to file a notice of appeal with the Ohio Supreme Court in the forty-five day period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Ohio Supreme Court. Additionally, if the Ohio Supreme Court dismisses the appeal prior to the expiration of said sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Kline, J. Evans, J.: Concur in Judgment Opinion.
[2] We note that in his appellate brief, appellant spells Emrick's last name as "Emerick." The trial court record contains the spelling, "Emrick." We use the spelling as it appears in the trial court record, "Emrick."