OPINION
{¶ 1} On October 29, 2004, the Stark County Grand Jury indicted appellant, Jeffery Buske, on one count of rape in violation of R.C. 2907.02, one count of unlawful sexual conduct with a minor in violation of R.C. 2907.04, one count of sexual imposition in violation of R.C. 2907.06, and two counts of sexual battery in violation of R.C. 2907.03. Said charges arose from incidents involving three preteen/teenage girls, one of which was appellant's natural daughter.
 {¶ 2} A jury trial commenced on August 22, 2005. The jury found appellant guilty as charged. By judgment entry filed August 31, 2005, the trial court sentenced appellant to an aggregate term of eight years in prison. Appellant stipulated to being classified as a sexual predator.
 {¶ 3} Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
 I {¶ 4} "THE TRIAL COURT ERRED IN DENYING APPELLANT'S MOTION FOR ACQUITTAL AS TO THE CHARGES."
 II {¶ 5} "APPELLANT'S CONVICTIONS ARE AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."
 III {¶ 6} "THE TRIAL COURT ERRED BY READING BACK SPECIFIC TESTIMONY OF THE WITNESSES TO THE JURY."
 IV {¶ 7} "THE TRIAL COURT COMMITTED PLAIN ERROR IN GIVING A POTENTIALLY DEADLOCKED JURY AN INSTRUCTION THAT DEVIATED FROM THE INSTRUCTION APPROVED IN STATE V. HOWARD (1989), 42 OHIO ST.3D 18."
 V {¶ 8} "THE TRIAL COURT ERRED IN SENTENCING APPELLANT TO MORE THAN THE MINIMUM PRISON SENTENCE THE COURT DID NOT MAKE A FINDING THAT HE HAD NOT PREVIOUSLY SERVED A PRISON TERM."
 VI {¶ 9} "THE TRIAL COURT ERRED BY ORDERING APPELLANT TO SERVE A CONSECUTIVE SENTENCE WITHOUT MAKING THE APPROPRIATE FINDINGS REQUIRED BY R.C. 2929.14(E)(4)."
 VII {¶ 10} "THE TRIAL COURT IMPERMISSIBLY PUNISHED APPELLANT FOR ASSERTING HIS RIGHT TO A JURY TRIAL."
 VIII {¶ 11} "THE TRIAL COURT ERRED WHEN IT IMPOSED A $20,000 FINE ON APPELLANT WITHOUT CONSIDERING APPELLANT'S PRESENT AND FUTURE ABILITY TO PAY AS REQUIRED BY R.C. 2929.19(B)(6)."
 I, II {¶ 12} Appellant claims the trial court erred in denying his motion for acquittal, and the jury verdict was against the manifest weight of evidence. Because these two assignments involve a review of the same evidence, we will address them jointly.[1]
 {¶ 13} Crim.R. 29 governs motion for acquittal. Subsection (A) states the following:
 {¶ 14} "The court on motion of a defendant or on its own motion, after the evidence on either side is closed, shall order the entry of a judgment of acquittal of one or more offenses charged in the indictment, information, or complaint, if the evidence is insufficient to sustain a conviction of such offense or offenses. The court may not reserve ruling on a motion for judgment of acquittal made at the close of the state's case."
 {¶ 15} The standard to be employed by a trial court in determining a Crim.R. 29 motion is set out in State v.Bridgeman (1978), 55 Ohio St.2d 261, syllabus:
 {¶ 16} "Pursuant to Crim.R. 29(A), a court shall not order an entry of judgment of acquittal if the evidence is such that reasonable minds can reach different conclusions as to whether each material element of a crime has been proved beyond a reasonable doubt."
 {¶ 17} On review for manifest weight, a reviewing court is to examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine "whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered."State v. Martin (1983), 20 Ohio App.3d 172, 175. See also,State v. Thompkins, 78 Ohio St.3d 380, 1997-Ohio-52. The granting of a new trial "should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction." Martin at 175. We note the weight to be given to the evidence and the credibility of the witnesses are issues for the trier of fact. State v. Jamison (1990), 49 Ohio St.3d 182, certiorari denied (1990), 498 U.S. 881.
 {¶ 18} Appellant was convicted of rape in violation of R.C.2907.02(A)(1)(b), sexual battery in violation of R.C.2907.03(A)(5), unlawful sexual conduct with a minor in violation of R.C. 2907.04(A) and sexual imposition in violation of R.C.2907.06(A) which state the following, respectively:
 {¶ 19} "[R.C. 2907.02(A)(1)(b)] No person shall engage in sexual conduct with another who is not the spouse of the offender or who is the spouse of the offender but is living separate and apart from the offender, when any of the following applies:
 {¶ 20} "The other person is less than thirteen years of age, whether or not the offender knows the age of the other person.
 {¶ 21} "[R.C. 2907.03(A)(5)] No person shall engage in sexual conduct with another, not the spouse of the offender, when any of the following apply:
 {¶ 22} "The offender is the other person's natural or adoptive parent, or a stepparent, or guardian, custodian, or person in loco parentis of the other person.
 {¶ 23} "[R.C. 2907.04(A)] No person who is eighteen years of age or older shall engage in sexual conduct with another, who is not the spouse of the offender, when the offender knows the other person is thirteen years of age or older but less than sixteen years of age, or the offender is reckless in that regard.
 {¶ 24} "[R.C. 2907.06(A)] No person shall have sexual contact with another, not the spouse of the offender; cause another, not the spouse of the offender, to have sexual contact with the offender; or cause two or more other persons to have sexual contact when any of the following applies:
 {¶ 25} "(1) The offender knows that the sexual contact is offensive to the other person, or one of the other persons, or is reckless in that regard.
 {¶ 26} "(2) The offender knows that the other person's, or one of the other person's, ability to appraise the nature of or control the offender's or touching person's conduct is substantially impaired.
 {¶ 27} "(3) The offender knows that the other person, or one of the other persons, submits because of being unaware of the sexual contact.
 {¶ 28} "(4) The other person, or one of the other persons, is thirteen years of age or older but less than sixteen years of age, whether or not the offender knows the age of such person, and the offender is at least eighteen years of age and four or more years older than such other person. * * *"
 {¶ 29} Appellant argues his convictions were based solely on the testimony of the three victims, L.H., A.H. and K.B., as no physical evidence was presented. Appellant argues their testimony lacked credibility because of the similarity of the testimony of L.H. and K.B., and the failure to report the incidents when there was the opportunity to do so. We disagree with these arguments for the following reasons.
 {¶ 30} Although K.B. as appellant's daughter had some motive to create a story, L.H. and A.H. did not. Each girl described similar behavior by appellant. Appellant approached them when they were sleeping and fondled them and engaged in sexual contact/conduct. T. at 158-160, 163-166, 201-202, 234-236, 241-242, 245-246. K.B. substantiated A.H.'s claims. T. at 244-245. The similarities in their testimony demonstrated appellant's modus operandi. Appellant admitted to finding himself in K.B.'s bed, but explained it away as "sleepwalking." T. at 248, 290-291.
 {¶ 31} Defense counsel cross-examined K.B. on her motives and all three girls on the delay in reporting. T. at 174-176, 179-181, 188-189, 211-212, 217-218, 262-263, 269-272. The jury was given the opportunity to weigh the lack of reporting and the motives proffered against the testimony of the three girls and their description of appellant's behavior along with appellant's admissions.
 {¶ 32} Upon review, we find sufficient credible evidence to substantiate the jury's verdict, and no manifest miscarriage of justice.
 {¶ 33} Assignments of Error I and II are denied.
 III {¶ 34} Appellant claims the trial court erred in rereading to the jury specific testimony of A.H. and K.B. concerning appellant leaving the room during the incident involving A.H. We disagree.
 {¶ 35} "After jurors retire to deliberate, upon request from the jury, a court in the exercise of sound discretion may cause to be read all or part of the testimony of any witness, in the presence of or after reasonable notice to the parties or their counsel." State v. Berry (1971), 25 Ohio St.2d 255, paragraph four of the syllabus. In order to find an abuse of discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217.
 {¶ 36} Appellant acknowledges this standard of review, but argues all of the testimony should have been reread. The trial court gave a limited rereading of the testimony at the jury's request. T. at 411-414. Prior to rereading the testimony, the trial court cautioned the jury not to take the testimony out of context and to consider all of the evidence. T. at 410.
 {¶ 37} Upon review, we find no error in the limited rereading, and the cautionary instruction was appropriate.
 {¶ 38} Assignment of Error III is denied.
 IV {¶ 39} Appellant claims the trial court erred in giving an instruction that deviated from the language in State v. Howard
(1989), 42 Ohio St.3d 18. We disagree.
 {¶ 40} Appellant did not object to the charge (T. at 417), therefore the assignment will be addressed under the plain error standard of review. An error not raised in the trial court must be plain error for an appellate court to reverse. State v. Long
(1978), 53 Ohio St.2d 91; Crim.R. 52(B). In order to prevail under a plain error analysis, appellant bears the burden of demonstrating that the outcome of the trial clearly would have been different but for the error. Long. Notice of plain error "is to be taken with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice." Id. at paragraph three of the syllabus.
 {¶ 41} We have examined the charge given against the language of Howard and find minimal syntactic deviation (i.e., use of "other jurors" instead of "your fellows," use of "opinions" instead of "arguments" and the omission of the first sentence which is merely introductory).
 {¶ 42} Upon review, we do not find any error rising to the level of plain error.
 {¶ 43} Assignment of Error IV is denied.
 V, VI {¶ 44} Appellant claims the trial court erred in sentencing him to more than the minimums [R.C. 2929.14(B)] and in sentencing him to consecutive sentences [R.C. 2929.14(E)(4)]. Specifically, appellant claims the trial court erred in sentencing him to more than the minimums and to consecutive sentences in contravention of the United States Supreme Court's decision in Blakely v.Washington (2004), 542 U.S. 296.
 {¶ 45} Appellant was found guilty of rape, a felony in the first degree, punishable by "three, four, five, six, seven, eight, nine, or ten years." R.C. 2929.14(A)(1). The trial court sentenced appellant to four years. Appellant was also found guilty of unlawful sexual conduct with a minor and two counts of sexual battery, felonies of the third degree, punishable by "one, two, three, four, or five years." R.C. 2929.14(A)(3). The trial court sentenced appellant to four years on each of the counts. The sexual battery sentences were run concurrent with each other but consecutive to the concurrent sentences for rape and unlawful sexual conduct for an aggregate term of eight years.
 {¶ 46} Subsequent to the filing of the briefs in this matter, the Supreme Court of Ohio issued its decision in State v.Foster, ___ Ohio St.3d ___, 2006-Ohio-856. Pertinent to this appeal, the Foster court held R.C. 2929.14(B) and (C), R.C.2929.19(B)(2), R.C. 2929.14(E)(4) and R.C. 2929.41(A), requiring "judicial factfinding before imposition of a sentence greater than the maximum term authorized by a jury verdict or admission of the defendant" and/or consecutive sentences, are unconstitutional. Id. at ¶ 83. The Foster court severed the statutes, and concluded "* * * trial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences." Id. at ¶ 100.
 {¶ 47} Accordingly, Blakely applies to Ohio's sentencing guidelines, and in accordance with the directives of the Foster
court, we grant these assignments of error and vacate the sentences herein. The matter is remanded to the trial court for resentencing pursuant to Foster.
 {¶ 48} Assignments of Error V and VI are granted.
 VII {¶ 49} Appellant claims the trial court erred in punishing him for asserting his right to trial. We disagree.
 {¶ 50} Appellant complains of the following statements by the trial court:
 {¶ 51} "It is hard to determine whether or not there is any remorse in this particular Defendant, but one of the guidelines that I use in these types of case and in any type of case is whether the Defendant decides to enter a plea to the charge or charges.
 {¶ 52} "It doesn't mean that he should be punished to exercise his right to a trial by jury; but an individual who comes before the Court and says I committed these crimes, I am terribly sorry for them, and I want to face the music at least exhibits to me a standard of remorse.
 {¶ 53} "I find that the claim of remorse by Mr. Buske is not that credible to me, and I find that I believe Mr. Buske felt that there would be no testimony in this case; and I believe that he took a calculated risk that he was more powerful than the victims in this case, that he had more control over the victims in this case, a word I have yet to use except for today, and that he thought he would come in and his power would be stronger than their power and that there would be no trial; and he lost." T. at 463-464.
 {¶ 54} Clearly a criminal defendant cannot be punished for exercising his constitutional right to trial. State v. O'Dell
(1989), 45 Ohio St.3d 140. However, the trial court in his comments was recognizing appellant's lack of remorse, and specifically stated appellant should not be punished for exercising his right to a jury trial. The trial court's comments on remorse were made in response to appellant's comments on remorse made prior to sentencing. T. at 456-458.
 {¶ 55} Upon review, we find the trial court did not punish appellant for asserting his right to trial.
 {¶ 56} Assignment of Error VII is denied.
 VIII {¶ 57} Appellant claims the trial court erred in imposing a $20,000.00 fine. We disagree.
 {¶ 58} Appellant argues the trial court did not consider appellant's present and future ability to pay the fine pursuant to R.C. 2929.19(B)(6) which states, "Before imposing a financial sanction under section 2929.18 of the Revised Code or a fine under section 2929.32 of the Revised Code, the court shall consider the offender's present and future ability to pay the amount of the sanction or fine."
 {¶ 59} Appellant did not object to the imposition of the fine. T. at 472. Appellant was a successful open heart surgery assistant at Mercy Medical Center and was "a good provider, not only for myself but for his family." T. at 450-451. Appellant was represented by private counsel.
 {¶ 60} Upon review, we find the trial court did not err in imposing a fine upon appellant.
 {¶ 61} Assignment of Error VIII is denied.
 {¶ 62} The judgment of the Court of Common Pleas of Stark County, Ohio is hereby affirmed in part and reversed in part.
Farmer, P.J., Edwards, J. and Boggins, J. concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Stark County, Ohio is affirmed in part and reversed in part. The issue of sentencing is remanded to said court for further proceedings consistent with this opinion. Costs to appellant.
[1] No evidence was presented by the defense after the Crim.R. 29 motion.